J-S83025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL MARTIN GROSSMAN | : | |
| | : | |
| Appellant | : | No. 719 WDA 2018 |

Appeal from the Judgment of Sentence March 6, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000154-2016,
CP-61-CR-0000208-2013, CP-61-CR-0000657-2017

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED MARCH 18, 2019

Appellant, Samuel Martin Grossman, appeals from the judgment of sentence entered on March 6, 2018, in the Venango County Court of Common Pleas.  After review, we affirm in part, vacate in part, and remand with instructions.

The trial court provided the following background:

On March 6, 2018, [Appellant] was sentenced at criminal docket number 657-2017 to the following:

At C.R. No. 657-2017 on Count 2, Driving Under the Influence of Alcohol, 2nd Offense - Lowest Rate of Alcohol, a violation of 75 Pa. C.S.A. §3802(a)(2), an ungraded Misdemeanor, ... imprisonment in the Venango County Jail for a period of not less than five (5) days and not more than six (6) months ...  The Sentence and Order of Court at C.R. No. 657-2017 on Count 4, Driving While Operating Privilege Suspended/revoke - DUI Related with Alcohol in the System, in violation of 75 Pa. C.S.A. §1543(b)(1.1)(i),

a Summary offense, ... a fine of $1,000, and undergo an imprisonment in the Venango County Jail for and during the period of not less than ninety (90) days .... The sentence imposed at Count 4 is intended to run concurrent with the sentence imposed at Count 2, for a total aggregate sentence of 3 months to 6 months in the Venango County Jail. Credit at C.R. No. 657-2017 shall be allowed for 171 days previously served in the Venango County Jail from September 17, 2017 until March 6, 2018. Any lesser sentence would depreciate the seriousness of the offense.

Judge Boyer's 3/6/18 sentencing order, at 1, 5-6. As a result of this new criminal conviction, [Appellant's] probations at both criminal docket numbers 208-2013 and 154-2016 were revoked, as this Court found his then-new criminal charges at 657-2017 to be material violations of the terms of his probation [at docket numbers 208-2013 and 154-2016]. Accordingly, we resentenced [Appellant] at both 208-2013 and 154-2016 as follows:

The Sentence and Order of Court at C.R. No. 208-2013 on Count 1, Corruption of Minors, in violation of 18 Pa. C.S.A. §6301(a)(1)(ii), a Felony 3, is ... a fine of $500 as originally imposed, and undergo an imprisonment in a State Institution of the Department of Corrections for a minimum of which shall be three and one-half (3½) years, the maximum of which shall be seven (7) years, to be computed from the expiration of the sentence imposed at C.R. No. 657-2017 ... the Sentence and Order of Court at C.R. No. 154-2016 on Count 1, False Reports, in violation of 18 Pa. C.S.A. §4906(b)(1), a Misdemeanor 3, is ... a fine of $100 as originally imposed, and undergo an imprisonment in a State Institution of the Department of Corrections for a minimum of which shall be six (6) months, the maximum of which shall be twelve (12) months, to be computed from the expiration of the sentence imposed at C.R. No. 657-2017 ... The sentence impose[d] at CR. No. 154-2016 and C.R. No. 208-2013 are intended to run concurrent with each other; however, those sentences are to run consecutive to the sentence imposed at C.R. No. 657-2017. The sentence at C.R. No. 657-2017 is a County Sentence, which will need to be completed prior to

> [Appellant] serving his State Sentence in this case. Credit at C.R. No. 208-2013 and C.R. No. 154-2016 shall be allowed for 539 days previously served in the Venango County Jail from August 26, 2014 until January 22, 2015 (150 days), from September 29, 2015 until July 8, 2016 (284 days) and from April 28, 2017 until August 10, 2017 (105 days).

Judge Boyer's 3/6/18 sentencing order, at 6-8.

Trial Court Opinion, 7/18/18, at 1-2. The sentencing order included trial court docket numbers C.R. No. 154-2016, C.R. No. 208-2013, and C.R. No. 657-2017. Appellant filed a single post-sentence motion that included all three docket numbers on March 16, 2018, and the trial court denied Appellant's post-sentence motion in a single order on April 18, 2018. Appellant filed a single notice of appeal on May 14, 2018, which included all three docket numbers.[1] We note that on June 1, 2018, our Supreme Court held that, prospectively, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." Commonwealth v. Walker, 185 A.3d 969, 977 (Pa. 2018). Because Appellant's consolidated notice of appeal in this matter was filed prior to our Supreme Court's June 1, 2018 decision in Walker, we need not quash.

On appeal, Appellant raises the following questions for this Court's consideration:

_____

[1] Both the trial court and Appellant complied with Pa.R.A.P. 1925.

1. Whether the sentence[ing] court erred and/or abused its discretion in allocating credit time first to his county sentence, for which he appears to have been at all relevant times on unsecured bail, rather than his revocation case for which a detainer was lodged?

2. Whether the lower court erred and/or abused its discretion in structuring a sentence scheme that was manifestly excessive in nature in that it imposed a statutory maximum sentence to run consecutively to his first-offense DUI offense, and whether the sentence imposed failed to give due consideration to all relevant sentencing factors?

Appellant's Brief at 5.

Appellant first challenges the trial court's allocation of credit for time served. Appellant points out that he satisfied the bail conditions on the new charges at docket C.R. No. 657-2017, and he argues that the trial court failed to award credit for time served at dockets C.R. No. 154-2016 and C.R. No. 208-2013. It is well settled that a challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of sentence.[2] Commonwealth v. Beck, 848 A.2d 987, 989 (Pa. Super. 2004) (citations omitted). Issues relating to the legality of a sentence are questions of law. Commonwealth v. Aikens, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is de novo, and our scope of review is plenary. Id.

_____

[2] We note that Appellant is not assailing the Department of Corrections' computation of credit for time served, as such a challenge must be addressed in an action brought before the Commonwealth Court. Commonwealth v. Heredia, 97 A.3d 392, 394-395 (Pa. Super. 2014).

- 4 -

Our Supreme Court has discussed the allocation of credit for time served when a criminal defendant has satisfied his bail conditions as follows:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

Gaito v. Pennsylvania Bd. of Probation and Parole, 412 A.2d 568, 571 (Pa. 1980).

As noted above, the trial court allocated 539 days of time credit to the sentences that were imposed after probation was revoked at dockets C.R. No. 208-2013 and C.R. No. 154-2016. Appellant is not challenging the allocation of the credit for those 539 days. Rather, Appellant claims that the 171 days he served from September 17, 2017 through March 6, 2018, should also be credited toward his revocation sentences at dockets C.R. No. 208-2013 and C.R. No. 154-2016 and not his new sentence at C.R. No. 657-2017. We agree, in part.

The record reveals that Appellant was arrested and taken into custody at docket C.R. No. 657-2017 for the DUI and related offenses on September 17, 2017. On September 19, 2017, detainers were lodged at docket numbers C.R. No. 208-2013 and C.R. No. 154-2016. Appellant posted bail at docket C.R. No. 657-2017 on October 18, 2017. Thus, the only time credit Appellant could receive at docket C.R. No. 657-2017 is the time from September 17,

2017, through October 18, 2017. Gaito, 412 A.2d at 571. The 139 days beginning on October 18, 2017, and ending on March 6, 2018, cannot be credited toward Appellant's sentence at docket C.R. No. 657-2017 because Appellant satisfied the bail conditions at that docket number. Gaito, 412 A.2d at 571. Accordingly, we are constrained to vacate that part of Appellant's judgment of sentence allocating credit for time served and remand to the trial court to apply Appellant's time credit consistent with this Memorandum. See Commonwealth v. Mann, 957 A.2d 746 (Pa. Super. 2008) (remanding to the trial court for the proper application of credit for time served).

In his second issue on appeal, Appellant avers that the sentence imposed at docket C.R. No. 208-2013 was manifestly excessive and asserts the trial court did not consider his rehabilitative needs or mitigating factors. Appellant's Brief at 10, 16-17. Appellant's issue presents a challenge to the discretionary aspects of his sentence.

It is well settled that when an appellant challenges the discretionary aspects of his sentence, there is no automatic appeal; rather, the appeal will be considered a petition for allowance of appeal. Commonwealth v. W.H.M., 932 A.2d 155, 162 (Pa. Super. 2007). Furthermore, as this Court noted in Commonwealth v. Moury, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of

> appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. §9781(b).

Id. at 170 (citing Commonwealth v. Evans, 901 A.2d 528 (Pa. Super. 2006)).

Appellant has satisfied the first three elements of the four-part test from Moury. Appellant preserved the sentencing issue by filing a timely post-sentence motion and notice of appeal, and he provided a statement of reasons for allowance of appeal from the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f) in his brief. Next, we must determine if Appellant has raised a substantial question for our review. Moury, 992 A.2d at 170.

> A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super. 2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." Id. Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. Commonwealth v. Titus, 816 A.2d 251, 255 (Pa. Super. 2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. Id.

Commonwealth v. Fisher, 47 A.3d 155, 159 (Pa. Super. 2012).

In his Pa.R.A.P. 2119(f) statement, Appellant avers that the trial court imposed a manifestly excessive sentence and failed to consider his rehabilitative needs and mitigating factors. Appellant's Brief at 10. We conclude that Appellant has presented a substantial question for our review. See Commonwealth v. Swope, 123 A.3d 333, 340 (Pa. Super. 2015) (stating that a claim that a sentence is manifestly excessive, together with an allegation that the trial court failed to consider mitigating factors and rehabilitative needs, presents a substantial question).

It should be noted that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Sheller, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, an abuse of discretion is not merely an error in judgment; rather, an appellant must establish that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or reached a manifestly unreasonable decision. Id.

Here, the trial court stated on the record that it reviewed a pre-sentence investigation report ("PSI"), noted that Appellant's probation had been revoked four times at docket C.R. No. 208-2013 and two times at docket C.R. No. 154-2016, and opined that Appellant had shown he was not amendable to probation, revealed a pattern of non-compliance, and committed new crimes. N.T., 3/6/18, at 14-26. The trial court ordered the sentences at

dockets C.R. No. 208-2013 and C.R. No. 154-2016 to run concurrently with each other but consecutively to the sentence imposed at docket C.R. No. 657-2017. Id. at 24-26.

As noted above, the trial court had the benefit of a PSI, which gives rise to a presumption that the trial court properly considered and weighed all relevant factors. See Commonwealth v. Finnecy, 135 A.3d 1028, 1038 (Pa. Super. 2016) ("[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Therefore, we find no merit to Appellant's claims that the trial court did not consider his rehabilitative needs or mitigating factors in this case.

Moreover, the trial court explained Appellant's multiple failures on probation in the past, yet ordered only one of his sentences to be served consecutively. Appellant's displeasure with the duration of his aggregate sentence does not illustrate or establish any abuse of discretion. Despite being granted probation previously, Appellant repeatedly chose to violate the terms of probation. Appellant committed multiple crimes, and it is well settled that the imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court. See Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa. Super. 1995) (a defendant is not entitled to a "volume discount" for multiple crimes by having sentences run concurrently). After

review, we discern no abuse of discretion by the trial court in the sentence imposed. Accordingly, Appellant is entitled to no relief on his challenge to the discretionary aspects of his sentence, and we affirm the judgment of sentence.

For the reasons set forth above, we affirm that part of the judgment of sentence with respect to their duration, and we vacate in part and remand for allocation of time credit only.

Judgment of sentence affirmed in part, vacated in part, and remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2019