2016 PA Super 105

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARKEITH AIKENS | |
| Appellant | No. 224 EDA 2015 |

Appeal from the Judgment of Sentence August 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003098-2013

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

OPINION BY MUNDY, J.:                    **FILED MAY 20, 2016**

Appellant, Markeith Aikens, appeals from the August 7, 2014, aggregate judgment of sentence of 7 to 15 years' imprisonment, imposed after he was found guilty of one count each of unlawful contact with a minor and corruption of minors.[1]  After careful review, we affirm.

We summarize the procedural history of this case as follows.  On July 22, 2013, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses, as well as one count each of involuntary deviate sexual intercourse (IDSI), statutory sexual assault, indecent assault,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6318(a)(1) and 6301(a)(1)(i), respectively.

and indecent exposure.[2]  On April 23, 2014, Appellant proceeded to a jury trial, at the conclusion of which the jury found Appellant guilty of one count each of unlawful contact with a minor and corruption of minors.  Important to this appeal, the jury acquitted Appellant of IDSI, and the remaining charges were *nolle prossed*.  On August 7, 2014, the trial court imposed an aggregate sentence of 7 to 15 years' imprisonment.  Additionally, relevant to this appeal, the trial court graded Appellant's unlawful contact with a minor charge as a first-degree felony and imposed a sentence of 6 to 12 years' imprisonment.  The trial court further imposed a consecutive one to three year sentence for corruption of minors.  On August 17, 2014, Appellant filed a timely post-sentence motion, which the trial court denied on December 16, 2014.  On January 9, 2015, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises one issue for our review.

> Did the [trial] court illegally sentence Appellant on unlawful contact with a minor graded as an F-1 when it should have been graded as an F-3?

Appellant's Brief at 3.

Appellant's only argument on appeal is that the trial court erroneously graded his unlawful contact with a minor conviction as a first-degree felony,

---

[2]  18 Pa.C.S.A. §§ 3123(a)(7), 3122.1, 3126(a)(7), and 3127(a), respectively.

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

when it should have been graded as a third-degree felony. Appellant's Brief at 7. We note that the proper grading of an offense pertains to the legality of the sentence. **Commonwealth v. Coto**, 932 A.2d 933, 935 (Pa. Super. 2007). Our review, therefore, is guided by the following well-settled standard.

> "A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

**Commonwealth v. Cardwell**, 105 A.3d 748, 750 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015).

Instantly, the unlawful contact with a minor statute provides in relevant part, as follows.

### § 6318. Unlawful contact with minor

**(a) Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

(2) Open lewdness as defined in section 5901 (relating to open lewdness).

(3) Prostitution as defined in section 5902 (relating to prostitution and related offenses).

(4) Obscene and other sexual materials and performances as defined in section 5903 (relating to obscene and other sexual materials and performances).

(5) Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).

(6) Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).

**(b) Grading.--**A violation of subsection (a) is:

(1) an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or

(2) a felony of the third degree;

whichever is greater.

18 Pa.C.S.A. § 6318. In Appellant's view, his case is identical to our Supreme Court's decision in ***Commonwealth v. Reed***, 9 A.3d 1138 (Pa. 2010).

In ***Reed***, the defendant was charged with attempted unlawful contact with a minor, as well as "criminal attempt of the following crimes: rape of a

- 4 -

child and [IDSI], which are first-degree felony offenses, statutory sexual assault, a second-degree felony, indecent assault, a second-degree misdemeanor, and corruption of a minor, a first-degree misdemeanor." ***Id.*** at 1141. The jury acquitted Reed of all charges except attempted unlawful contact with a minor. ***Id.*** The trial court graded the attempted unlawful contact with a minor as a first-degree felony. ***Id.*** Reed appealed, arguing that the grading was improper in light of the jury's acquittals on the other charged offenses. Our Supreme Court agreed with Reed that the gradation was erroneous.

Our Supreme Court stated that a conviction of a Chapter 31 offense is not statutorily required, because it is not a predicate offense of unlawful contact with a minor. ***Id.*** at 1146. However, instead, our Supreme Court tied the gradation of unlawful contact with a minor to how the Commonwealth charges and presents its case to the jury.

> Pursuant to the express statutory language, a violation of 18 Pa.C.S. § 6318(a) is the same grade as the most serious underlying offense for which the defendant attempted contact with the minor, or a first-degree misdemeanor, whichever is greater. In this case, the Commonwealth chose to charge Appellee separately, *inter alia,* with the Chapter 31 offenses of **attempted** rape of a child, IDSI, statutory sexual assault, and indecent assault. Following a three-day trial, the jury found Appellee not guilty of those offenses. It is here that [***Commonwealth v. Magliocco***, 883 A.2d 479 (Pa. 2005)] can provide limited guidance. Although that case involved predicate offenses and the instant case does not, both cases share one common feature: to secure a conviction of the offense under review, *i.e.,*

- 5 -

> terroristic threats in *Magliocco* and the Chapter 31 offenses herein, the Commonwealth was not required to charge the defendant with the other crimes. The operative reality, however, is that in the case *sub judice,* the Commonwealth *did* charge those offenses, and the jury *acquitted* Appellee of those crimes. As we noted in *Magliocco II,* acquittals "have been accorded a special weight in the law." *Id.* at 492 (citing *United States v. DiFrancesco,* 449 U.S. 117, 129–30 (1980), and *Commonwealth v. D.M.,* 695 A.2d 770 (Pa. 1997)).

*Id.* at 1146-1147 (parallel citations omitted) (emphasis added). As a result of the jury's acquittals, our Supreme Court concluded the first-degree felony grading was legally precluded.

> Thus, while it was not incumbent upon the Commonwealth to secure a conviction of an enumerated offense in 18 Pa.C.S. § 6318(a), it chose to do so, and Appellee's acquittal cannot be ignored when applying the appropriate grading under subsection 6318(b). In this scenario, where Appellee was acquitted of all other charged offenses, the sentencing court had to guess which offense Appellee sought to commit when he contacted Taylorgirl1992. We cannot countenance that result. "[O]ur rules of statutory construction [forbid] absurd results." *Commonwealth v. Sloan,* 907 A.2d 460, 467 (2006).
>
> As we reiterated above, penal provisions of a statute must be strictly construed. 1 Pa.C.S. § 1928(b)(1). *Commonwealth v. Hoke,* 962 A.2d 664, 667 (Pa. 2009) ("where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused.... [A] court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.") (quoting *Commonwealth v. Booth,* 766 A.2d 843, 846 (Pa. 2001); *Commonwealth v. Dickson,* 918 A.2d 95, 100 (Pa. 2007)) ("we must construe all penal

- 6 -

provisions strictly in favor of defendants' liberty interests"). Applying these precepts to 18 Pa.C.S. § 6318(b), and in light of the special weight afforded acquittals, we find that the default grading must apply because the fact-finder specifically determined that Appellee did not commit the separately charged Chapter 31 offenses.

*Id.* at 1147-1148.

Turning to the case *sub judice*, it is not disputed that the Commonwealth chose to charge Appellant with the underlying Chapter 31 offense of IDSI, and the jury acquitted Appellant of that offense. However, in **Reed**, the Commonwealth specifically charged Reed with attempt to commit IDSI, not just the underlying crime of IDSI. Criminal attempt is closer to the element contained in Section 6318(a) "for the purpose of engaging in" than the substantive offense itself. 18 Pa.C.S.A. § 6318(a). Therefore, the jury's acquittal on the substantive offense of IDSI is less "relevant," in the words of our Supreme Court, than the jury's criminal attempt acquittals in **Reed**. **Reed**, *supra* at 1146.

Further, as the Commonwealth and the trial court observe, in this case the jury was specifically instructed that in order to find Appellant guilty of unlawful contact with a minor, it had to conclude that Appellant attempted to contact the victim for the purpose of committing IDSI.

> [Appellant] has been charged with unlawful contact with a minor. To find [Appellant] guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt: First, that [Appellant] was intentionally in contact for the purpose of engaging in an unlawful

- 7 -

> act -- and in this case, **that unlawful act is alleged to be [IDSI]**, the crime that we just discussed, that I just defined for you ….

N.T., 4/24/14, at 95 (emphasis added).

As the trial court's charge makes clear, the jury was instructed that Appellant was only accused of contacting the minor for one specific Chapter 31 offense, IDSI. *Id.* Thus, when the jury returned a verdict of guilty on the unlawful contact with a minor offense, it must have concluded, as a matter of fact, that Appellant contacted the victim for the purpose of engaging in IDSI. As a result, the jury's finding in this regard satisfies the unlawful contact with a minor statute's grading requirement, because IDSI is only graded as a first-degree felony. *See generally* 18 Pa.C.S.A. § 3123(a). Therefore, the jury did find that a first-degree felony was "the most serious underlying offense ... for which the defendant contacted the minor[.]" *Id.* § 6318(b)(1). In our view, *Reed* does not preclude the higher grading in this case, as the trial court's sentence was consistent with the jury's verdict, based on how it was instructed by the trial court.[4] As a result, Appellant's issue on appeal fails. *See Cardwell*, *supra*.

---

[4] We also note that the Commonwealth's position, linking the grading of the offense to the jury instructions, is fully consistent with Appellant's Sixth Amendment right to a jury trial. First, it is axiomatic that "[w]e presume that the jury follow[s] the [trial] court's instructions." *Commonwealth v. Natividad*, 938 A.2d 310, 326 n.7 (Pa. 2007) (citation omitted). Second, since the fact that triggered the higher grading aggravated the maximum penalty to which Appellant was exposed, from 7 to 20 years, said fact was

*(Footnote Continued Next Page)*

Based on the foregoing, we conclude the trial court correctly graded the unlawful contact with a minor charge as a first-degree felony. Accordingly, the trial court's August 7, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

_(Footnote Continued)_ _____

required to be found by the jury beyond a reasonable doubt. **_See generally Apprendi v. New Jersey_**, 530 U.S. 466, 490 (2000) (stating that the Sixth Amendment's Jury Trial Clause requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[]").

Therefore, it would appear that the Commonwealth's application of Section 6318 in this case guards against a constitutional problem, while also ensuring that the jury's verdict is fully honored. **_See generally_** 1 Pa.C.S.A. § 1922(3) (stating, "[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth[]"). Therefore, at worst, even if the Commonwealth had charged multiple Chapter 31 offenses and "the sentencing court had to guess which offense [the defendant] sought to commit when" he or she contacted the minor, **_Apprendi_** would require the default grading to be applied anyway, since the trial court cannot find the fact for the jury. **_Reed_**, **_supra_** at 1147; **_see also id._** at 1148 (Saylor, J., concurring) (stating, "[i]n the absence of a jury finding regarding which prohibited activity the defendant intended to engage in for purposes of an unlawful contact with a minor conviction, application of anything other than the default grading provision raises constitutional concerns under **_Apprendi_**[]").

Conversely, Appellant's application of **_Reed_** to this case would lead to a strange result. We would be faced with a case in which Appellant's Sixth Amendment rights were not violated, because the jury did find the fact required to aggravate the maximum sentence, but his sentence is still illegal **regardless** of the jury's finding, because of how the Commonwealth chose to charge the case. **_See generally_** 1 Pa.C.S.A. § 1921(1) (stating, that we presume "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable[]").

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016