J-S89015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRANCE KELLY, | |
| Appellant | No. 1375 EDA 2015 |

Appeal from the Judgment of Sentence April 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013001-2011

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 05, 2016**

Appellant, Terrance Kelly, appeals from the judgment of sentence entered on April 24, 2015, in the Philadelphia County Court of Common Pleas.  Additionally, appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The record reveals that on August 9, 2011, at approximately 9:00 p.m., Officer Mark Robinson was conducting surveillance on the 1000 block

_____

[*]  Former Justice specially assigned to the Superior Court.

of Ruscomb Street in Philadelphia and investigating illegal drug sales. N.T., 2/18/15, at 42. Officer Robinson testified that he witnessed Appellant, who was standing in front of a Chinese take-out store, engage in a brief conversation with a woman who approached him. *Id*. at 46. The officer saw the woman hand Appellant U.S. currency in exchange for a small object that Appellant retrieved from the waistband of his trousers. *Id*. Backup officers arrived, but they were unable to locate the woman after she completed her transaction with Appellant. *Id*. at 49. While Officer Robinson continued his surveillance of Appellant, he testified that he saw an individual in a blue BMW automobile drive to Appellant's location on Ruscomb Street. *Id*. Appellant then walked up to the driver's window, and Appellant and the driver of the BMW engaged in a brief conversation. *Id*. at 50. During this conversation, Officer Robinson observed the driver hand Appellant U.S. currency, and Appellant then handed the driver a small object that Appellant retrieved from his waistband. *Id*. The vehicle immediately left the scene. *Id*. Backup officers executed a traffic stop of the BMW approximately thirty seconds later and recovered illegal drugs. *Id*. At approximately 9:25 p.m., Appellant entered a silver-colored Buick that was parked on Ruscomb Street. *Id*. at 53. Believing that Appellant was going to drive away, Officer Robinson requested that the backup officers arrest Appellant. *Id*. Prior to the officers arriving on the scene, however, Appellant exited the Buick and

entered the Chinese store, and the responding officer arrested Appellant therein. *Id*.

Following Appellant's arrest, he was transported to the Philadelphia Police Thirty-Fifth District building. N.T., 2/18/15, at 55. A search of Appellant's person revealed a clear zip-top baggie containing marijuana and $280.00 in U.S. currency. *Id*. at 55. The zip-top baggie Appellant possessed was similar to the baggie recovered from the driver of the BMW. *Id*.

Appellant was charged with possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, and possession of a small amount of marijuana. On August 28, 2012, a hearing was held on Appellant's motion to suppress the physical evidence seized from Appellant's person. At the conclusion of the hearing, the trial court denied Appellant's suppression motion. N.T., 8/28/12, at 27. This matter proceeded to a jury trial which began on February 18, 2015, and concluded on February 20, 2015. At trial, the Commonwealth proceeded on only the PWID charge. At the conclusion of the trial, the jury found Appellant guilty of PWID, and on April 24, 2015, the trial court sentenced Appellant to a term of nine to twenty-three months of incarceration followed by three years of probation. No post-sentence motions were filed, and this timely appeal followed.

Before we address the issues raised in the **Anders** brief, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). We note that there are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that after making a conscientious examination of the record, he concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and the petition to withdraw, as well as a letter advising Appellant that he could represent himself or retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for

- 4 -

concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

We are satisfied that counsel has met the requirements set forth in *Santiago*. Counsel's brief sets forth the factual and procedural history of this case, cites to the record, and refers to an issue that counsel arguably believes supports the appeal. *Anders* Brief at 4-9. Further, the brief includes counsel's conclusion that the appeal is frivolous, and it contains pertinent case authority and counsel's reasons for concluding that the appeal is frivolous. *Id*. at 11-15. Accordingly, we address the issues raised in the *Anders* brief:

1. Was the evidence sufficient to find [Appellant] guilty beyond a reasonable doubt of [PWID]?

2. Did the lower court err in failing to suppress evidence?

3. Was [Appellant's] sentence legal?

*Anders* Brief at 3.[1]

In the *Anders* brief, counsel presents challenges to both the sufficiency of the evidence and a challenge to the order denying Appellant's motion to suppress. When an appellant raises both a challenge to the sufficiency of the evidence and a suppression issue, we address the

_____

[1] For purposes of our discussion, we have renumbered the issues.

sufficiency of the evidence supporting the conviction first, and we do so without a diminished record:

> [W]e are called upon to consider all of the testimony that was presented to the jury during the trial, **without consideration as to the admissibility of that evidence**. The question of sufficiency is not assessed upon a diminished record. Where improperly admitted evidence has been allowed to be considered by the jury, its subsequent deletion does not justify a finding of insufficient evidence. The remedy in such a case is the grant of a new trial.

*Commonwealth v. Sanford*, 863 A.2d 428, 432 (Pa. 2004) (quoting *Commonwealth v. Smith*, 568 A.2d 600, 603 (Pa. 1989) (emphasis in original).

With respect to Appellant's sufficiency claim:

> [t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (quoting

*Commonwealth v. Jones*, 874 A.2d 108, 120–121 (Pa. Super. 2005

(citations omitted)).

> The crime of PWID is defined as follows:
>
> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

As discussed above, Officer Robinson personally witnessed Appellant engage in two separate hand-to-hand transactions where individuals handed Appellant money in exchange for items Appellant had hidden in the waistband of his pants. A legal search of Appellant's person following his arrest revealed a clear zip-top baggie containing marijuana and $280.00 in U.S. currency, and the zip-top baggie Appellant possessed was similar to the baggie recovered from the driver of the BMW with whom Appellant had engaged in a hand-to-hand transaction moments earlier. N.T., 2/18/15, at 55. Moreover, no paraphernalia indicating personal use was discovered in Appellant's possession. *See Commonwealth v. Ratsamy*, 934 A.2d 1233, 1238 (Pa. 2007) ("Possession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption."). Thus, we conclude that the evidence was sufficient to establish that Appellant possessed marijuana and,

in fact, distributed it to another person. The challenge to the sufficiency of the evidence fails.

Next, counsel presents an argument that the trial court erred in denying Appellant's suppression motion. In addressing a challenge to the denial of a suppression motion, our standard of review:

> is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole.[2] Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

---

[2] In the case of *In re L.J.*, 79 A.3d 1073 (Pa. 2013), our Supreme Court prospectively applied a new rule regarding the scope of review in suppression matters. Specifically, the *L.J.* Court clarified that an appellate court's scope of review in suppression matters includes the suppression hearing record and not evidence elicited at trial. *Id*. at 1087. However, the suppression hearing in the case at bar was held on August 28, 2012, and it predates the decision in *L.J.* Therefore, the holding in *L.J.* has no bearing on our review. *Commonwealth v. Hale*, 85 A.3d 570 (Pa. Super. 2014).

*Commonwealth v. Perel*, 107 A.3d 185, 188 (Pa. Super. 2014) (quoting *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citations omitted)).

We reiterate, Officer Robinson personally witnessed Appellant engage in separate hand-to-hand transactions where individuals handed Appellant money in exchange for items Appellant had hidden in the waistband of his pants. Based on his experience and the amount of drug trafficking in the area, Officer Robinson concluded that the exchanges in which Appellant engaged were sales of controlled substances and supported probable cause to arrest Appellant. Moreover, the second transaction, involving the person in the blue BMW, resulted in a traffic stop and the discovery of a controlled substance contained in a baggie similar to a baggie found on Appellant. This testimony, which came from an experienced drug interdiction officer who observed the hand-to-hand exchanges in a high drug-trafficking area, given the totality of the circumstances, established probable cause to arrest Appellant and search Appellant's person. *Commonwealth v. Dixon*, 997 A.2d 368, 378 (Pa. Super. 2010). We discern no error or abuse of discretion in the trial court's conclusion that the facts presented by the Commonwealth established probable cause to arrest Appellant, and the trial court properly denied Appellant's suppression motion.

Counsel's final claim of error presented in the *Anders* brief is that the sentence that the trial court imposed was illegal. An illegal sentence is one

that exceeds the statutory limits. ***Commonwealth v. Bradley***, 834 A.2d 1127, 1131 (Pa. 2003) (quotation marks and citation omitted). Issues concerning the legality of a sentence are questions of law; our standard of review over such questions is *de novo* and our scope of review is plenary. ***Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa. Super. 2016) (citation omitted).

Here, Appellant was convicted of PWID marijuana which carries a maximum sentence of five years for a first offense. 35 P.S. § 780-113(f)(2). However, this was Appellant's second offense, and as such, his status as a recidivist increased the sentence for this conviction to a maximum term of ten years of incarceration. 35 P.S. § 780-115(a). Appellant received a sentence of nine to twenty-three months of incarceration followed by three years of probation. Because Appellant's sentence is well below the statutory maximum sentence of ten years, Appellant received a legal sentence, and there is no merit to this claim.

Finally, we note that we also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016