J-S30013-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL PHILIP GIBSON | : | |
| | : | |
| Appellant | : | No. 1600 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 10, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0001141-2017

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: FILED JULY 30, 2020

Russell Philip Gibson (Appellant) appeals from the judgment of sentence imposed following remand from this Court. Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

A prior panel of this Court summarized the facts and procedural history:

This case arises out of an argument and altercation between Appellant and his girlfriend, Dawn Hannold, on December 7, 2017. Appellant was charged with terroristic threats, simple assault, and harassment.[FN] [1] On October 19, 2018, the case proceeded to trial, with the terroristic threats and simple assault charges tried to a jury and the harassment charge, a summary offense, tried to the trial judge.

_____

[*] Former Justice specially assigned to the Superior Court.

[FN]1 18 Pa.C.S. §§ 2706(a)(1), 2701(a)(1), and 2709(a)(1).

Both Hannold and Appellant testified at trial that they had been drinking beer and got into an argument when Hannold became upset over a phone call that Appellant received from a girl and took Appellant's cell phone. Both Hannold and Appellant also testified that Appellant took his phone back and that Hannold packed up her belongings and left Appellant's trailer with the dog that they jointly owned. Hannold testified that Appellant struck her on the back with a dog leash two or three times and told her as she was leaving that if "[y]ou take my dog, I'm going to smash your head in." N.T. Trial at 37-39. Appellant testified that Hannold pushed him and that he pushed her back and told her "to get the hell out," and denied that he hit Hannold with a dog leash. Id. at 77-85.

The jury acquitted Appellant of the terroristic threats and simple assault charges. N.T. Trial at 123-24. Immediately following the jury verdict, the trial court found Appellant guilty of harassment. Id. at 124. On December 4, 2018, the trial court sentenced Appellant to 90 days' probation for the harassment conviction. N.T. Sentencing at 10; Sentencing Order at 1. In this sentence, the trial court imposed as conditions of Appellant's probation that he have no contact with Hannold and refrain from the consumption of alcoholic beverages and also required that Appellant "shall remove any excess scrap, garbage and other debris from his property . . . such that the property shall meet the conditions of all Sandy Township Code requirements." N.T. Sentencing at 10-11; Sentencing Order at 1-2. This latter condition was imposed based on a township code violation of which the trial court had found Appellant guilty in a separate, unrelated proceeding. N.T. Sentencing at 5-9. Appellant's counsel objected to imposition of this condition at the sentencing. Id. at 4-5. This timely appeal followed. The trial court stayed Appellant's sentence pending the appeal.

Commonwealth v. Gibson, 119 WDA 2019, at *1-3 (Pa. Super. Aug. 16, 2019) (unpublished memorandum).

On appeal, this Court affirmed Appellant's judgment of sentence, but vacated the condition of Appellant's probation requiring him to "remove any

excess scrap, garbage and other debris from his property . . . such that the property shall meet the conditions of all Sandy Township Code requirements." Id. at 2, 9-11. Because vacating the condition of probation upset the trial court's sentencing scheme, the case was remanded to the trial court for resentencing. Id. at 11.

On September 10, 2019, the trial court resentenced Appellant to 90 days of probation. As a condition of probation, the trial court ordered Appellant to successfully complete 200 hours of community service under the standard terms and conditions of the Clearfield County Community Service Program, have no contact with Hannold, and refrain from consuming alcoholic beverages. On October 9, 2019, Appellant filed a timely appeal. Counsel filed a statement of intent to file an Anders brief pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(4), and the trial court filed its Rule 1925(a) opinion on January 17, 2020.

On March 2, 2020, Counsel filed an Anders brief, in which he argues that Appellant's appeal is frivolous and requests permission from this Court to withdraw as counsel. Appellant did not file a response to Counsel's Anders brief or raise any additional claims.

At the outset, we note the particular mandates that counsel seeking to withdraw pursuant to Anders must follow. These mandates and the significant protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal.

Commonwealth v. Woods, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized the requirements as follows:

> Direct appeal counsel seeking to withdraw under Anders must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an Anders brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> Anders counsel must also provide a copy of the Anders petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf).

Id. (citations omitted).

Additionally, there are requirements as to the content of an Anders brief:

> [T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Santiago, 978 A.2d at 361. When faced with a purported Anders brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw.

Commonwealth v. Wimbush, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has satisfied the above requirements, it is this Court's duty to review the trial court proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. Commonwealth v. Dempster, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, we conclude that Counsel has complied with the requirements of Anders. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 3/2/20, at ¶ 3. In conformance with Santiago, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. See Anders Brief at 4-6, 8-14. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. Id. Finally, Counsel has attached to his petition to withdraw the letter he sent to Appellant, which enclosed Counsel's petition and Anders brief. Petition to Withdraw as Counsel, 3/2/20, Ex. F. Counsel's letter advised Appellant of his right to proceed pro se or with private counsel, and to raise any additional issues that he deems worthy of this Court's consideration. Id. We thus proceed to review the merits of Appellant's claims.

Counsel's Anders brief raises two issues for our review:

I.      Whether the [c]ourt of [c]ommon [p]leas of Clearfield County . . . imposed an illegal sentence in its September 10, 2019 Order[?]

- 5 -

II.     Whether it was an abuse of discretion by the [c]ourt to sentence Appellant to complete 200 hours of community service under the direction of the Clearfield County Community Service Program[?]

Anders Brief at 4.

In his first issue, Appellant claims the trial court imposed an illegal sentence. In particular, Appellant contends that the trial court erred in failing to award him credit for the time he spent on probation while his first appeal was pending before this Court. Anders Brief at 10; see also Commonwealth v. Gibbs, 181 A.3d 1165, 1166 (Pa. Super. 2018) ("A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence."). Issues relating to the legality of a sentence are questions of law. Commonwealth v. Aikens, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is de novo and the scope of review is plenary. Id.

The Pennsylvania Sentencing Code, with regard to awarding credit for time served, provides in relevant part as follows:

§ 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

* * *

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1), (4).

Appellant seeks credit for the 90 days he purportedly spent on probation after the trial court imposed its original sentence on December 4, 2018. Appellant asserts that:

he checked in with probation for two months and made payments, which [he] can verify through the probation department. On the third month of checking in . . . the probation officer became aware that this case was on appeal and then told [Appellant], I don't believe I'm supposed to be meeting with you, and sent him away.

N.T., 9/10/19, at 5. Appellant alleges that because he made payments toward his fines and costs and appeared for monthly check-ins following the imposition of his original sentence, he satisfactorily completed the probationary period of his sentence. Anders Brief at 10.

The certified record belies Appellant's argument. After Appellant filed his appeal from the trial court's December 4, 2018 judgment of sentence, the trial court issued the following order:

NOW, this 9th day of January, 2019 the Court notes that the [Appellant] filed an appeal to the Superior Court in the above-captioned case; therefore, it is the ORDER of this Court that the sentence and probationary period issued by this Court's Order of December 4, 2018 be and is hereby STAYED pending the outcome of the [Appellant's] appeal.

- 7 -

Order, 1/9/19 (emphasis added). Also, at Appellant's resentencing, the trial court credited Appellant for money paid while the appeal was pending. See N.T., 9/10/19, at 6 ("[Appellant] will receive financial credit for any monies that he had previously paid."). Therefore, Appellant's probationary sentence was not in effect while his prior appeal was pending, and he is not entitled to credit for time served. Appellant's first issue is frivolous.

In his second issue, Appellant contends that the trial court abused its discretion by ordering, as a condition of probation, that he successfully complete 200 hours of community service under the standard terms and conditions of the Clearfield County Adult Probation Community Service Program. Although framed as a challenge to the trial court's sentencing discretion, this issue challenges the legality of the sentence and is a question of law subject to this Court's plenary review. Commonwealth v. Hall, 80 A.3d 1204, 1211 (Pa. 2013) (stating that whether the trial court has the power to impose a challenged condition under the Sentencing Code concerns the legality of sentence); see also Commonwealth v. Melvin, 103 A.3d 1, 52 (Pa. Super. 2014) (same).

Section 9754 of the Sentencing Code provides that in imposing a sentence of probation "[t]he court shall attach such of the reasonable conditions authorized by section 9763 (relating to conditions of probation) as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S.A. § 9754(b). Section 9763(b) states:

> (b) Conditions generally.--The court may attach any of the following conditions upon the defendant as it deems necessary:
>
> *     *     *
>
> (3) To participate in a public or nonprofit community service program.

42 Pa.C.S.A. § 9763(b)(3).

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life.

Commonwealth v. Koren, 646 A.2d 1205, 1208–09 (Pa. Super. 1994) (citations omitted). Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them. Id.

Here, the condition of probation requiring Appellant to successfully complete 200 hours of community service is authorized under Section 9763 of the Sentencing Code without regard to whether the community service has any connection to the defendant's crime. 42 Pa.C.S.A. § 9763(b)(3). The trial court was free to impose conditions on Appellant's probation that are specifically authorized by Section 9754 of the Sentencing Code, or those that are sufficiently connected to the conviction and within the trial court's authority under Section 9763 of the Sentencing Code. Hall, 80 A.3d at 1211. Thus, Appellant's second issue is frivolous.

Finally, our independent review reveals no other non-frivolous issues that Appellant could raise on appeal. See Dempster, 187 A.3d at 272. We

therefore grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2020