J-A15021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT BLAIN HORKEY | : | |
| | : | |
| Appellant | : | No. 1007 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 2, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000491-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT BLAIN HORKEY | : | |
| | : | |
| Appellant | : | No. 1008 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 2, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002085-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT BLAIN HORKEY | : | |
| | : | |
| Appellant | : | No. 1009 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 2, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004162-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: September 29, 2023**

Robert Blain Horkey appeals the judgment of sentence entered following the revocation of his probation. He maintains that the trial court imposed an illegal sentence by failing to apply 53 days of credit for time served. We affirm.

Horkey pleaded guilty on August 29, 2019, at two separate dockets, Docket 2085 and Docket 4162. *See* Guilty Plea Colloquy Form, dated 8/29/19. The same day, the court imposed a sentence of one year probation at one of those dockets, Docket 2085, and a consecutive term of one year probation and three days' incarceration with three days of credit for time served at the other, Docket 4162. *See* Order of Sentence (Docket 4162), dated 8/29/19; Order of Sentence (Docket 2085), dated 8/29/19.

Approximately 10 and a half months later, on July 14, 2020, Horkey pleaded guilty at a third docket, Docket 491. *See* Guilty Plea Colloquy Form, dated 7/10/20; N.T. Guilty Plea Hearing, 7/14/20. The police had arrested Horkey in this case on September 16, 2019. *See* Docket 491, "Arrest Date". The court imposed a term of 11½ to 23 months' incarceration and a concurrent term of five years' reporting probation. *See* Order of Sentence (Docket 491), filed 7/14/20. The court also granted Horkey 313 days of credit for time served. *See id.* Because the court found that Horkey's plea at this docket constituted a violation of his probation at Dockets 2085 and 4162, it resentenced Horkey that same day to a concurrent term of one year of

_____

* Retired Senior Judge assigned to the Superior Court.

- 2 -

electronic monitoring at Docket 2085, and five years' reporting probation at Docket 4162. **See** Order of Sentence – Probation Violation (Docket 2085), dated 7/14/20; Order of Sentence – Probation Violation (Docket 4162), dated 7/14/20.

Approximately two years afterward, on August 2, 2022, the trial court revoked Horkey's probation at Docket 4162 and closed interest at Docket 2085, due to Horkey's guilty plea at a separate docket not before this Court. **See** Docket 2085 Entry No. 1, docketed on 8/2/22; N.T., Gagnon II Violation Hearing, 8/2/22, at 2, 6 (court stating that Horkey "is a convicted violator" at Dockets 2085, 4162, and 491 due to guilty plea at "2021-6330"). The guilty plea was a result of crimes that Horkey committed on August 5, 2021. **See** N.T., Gagnon II Hearing, at 5. The court resentenced Horkey to 97 to 194 days' incarceration with 194 days of credit for time served at Docket 4162.[1] **See** Order of Sentence – Probation Violation, filed 8/2/22. The court also resentenced Horkey at Docket 491. It imposed a term of 18 to 36 months' incarceration followed by a consecutive term of three years' probation. **See** Order of Sentence – Probation Violation, dated 8/2/22. This timely appeal followed.

Horkey raises one issue on appeal: "Whether Mr. Horkey's sentence at CC 2020-00491 is illegal where he is entitled to an additional 53 days' credit for time served?" Horkey's Br. at 10 (suggested answer omitted).

---

[1] The sentencing order reads 195 days. However, at the sentencing hearing the court credited Horkey for 194 days. **See** N.T., 8/2/22, at 13.

A claim that the court failed to award credit for time served challenges the legality of the sentence. *See **Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa.Super. 2018). The legality of a sentence is a question of law, of which our standard of review is *de novo* and our scope is plenary. ***See Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa.Super. 2016).

Here, Horkey maintains that at his sentencing hearing on August 2, 2022, 53 days of credit were lingering from Dockets 2085 and 4162. These 53 days include his time of incarceration from April 4, 2019, to May 30, 2019. He argues that this time must be applied to Docket 491 so "as to leave no dead time behind." Horkey's Br. at 27. He also argues that Section 9760 requires that credit "shall be given to the defendant for all time spent in custody." ***Id.*** (emphasis removed).

Section 9760 of the Pennsylvania Sentencing Code provides when the court shall give credit for time served.

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). Credit may not be given towards a case that is not "a result of" the charges before the court. ***See Commonwealth v. Hollawell***, 604 A.2d 723, 726 (Pa.Super. 1992).

Horkey's claim is meritless. It is uncontested that the 53 days of incarceration stem from Horkey's arrest for crimes committed at Dockets 2085 and 4162. ***See*** Horkey's Br. at 23; Commonwealth's Br. at 15; Motion to Release Defendant from Allegheny County Jail on Electronic Home Monitoring (Docket 2085), filed 5/14/19, at ¶ 1 (noting that "[n]o bond has been set in this case and [Horkey] is currently lodged in the Allegheny County Jail"); Motion to Reduce Bail and Release Defendant from Allegheny County Jail on Electronic Home Monitoring (Docket 4162), filed 5/14/19, at ¶ 5 (requesting court to reduce bail and transfer Horkey from Allegheny County Jail to electronic home monitoring). These days were not "a result of" the charges or conduct for Docket 491 because Horkey was not detained on that case until September 16, 2019. The court did not err in refusing to give Horkey 53 days' credit for time served at Docket 491.

Judgment of sentence affirmed.[2]

---

[2] We conclude that the appeal at 1008 WDA 2022 is moot since Horkey completed his sentence. The court closed interest in the case on August 2, 2022.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2023