J-S42039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PARISH YOUN | : | |
| | : | |
| Appellant | : | No. 3160 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003782-2017

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:　　　　　　　　　　**FILED MAY 31, 2024**

　　　　Appellant, Parish Youn, appeals from the November 15, 2022 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his violation of probation ("VOP") hearing.  Appellant challenges the legality of his current VOP sentences imposed in connection with his Robbery and Terroristic Threats convictions.  After careful review, we reject Appellant's challenge to the VOP sentence for the Robbery conviction, but find that the VOP sentence for Terroristic Threats violated 42 Pa.C.S. § 9771(b) and, thus, vacate this sentence. Since our vacating the VOP sentence for Terroristic Threats may upset the sentencing scheme, we remand for resentencing on both VOP violations.

**A.**

　　　　The relevant factual and procedural history is as follows.  On March 19, 2017, Appellant entered a convenience store, demanded money, and punched

and threatened to shoot the clerk. The Commonwealth charged him with Robbery, Terroristic Threats, Simple Assault, Recklessly Endangering Another Person, and Criminal Attempt-Theft.[1]

Appellant proceeded to a jury trial on June 6, 2018. On June 8, 2018, prior to the completion of the trial, Appellant entered an open guilty plea to Robbery and Terroristic Threats.[2] The court accepted the guilty plea and ordered Presentence Investigation ("PSI") and Mental Health Reports. On August 13, 2018, the court sentenced Appellant to 9-18 months' incarceration followed by 5 years' probation on both convictions, to run concurrently.

On October 26, 2018, the court granted Appellant's motion for early parole. On November 12, 2018, police arrested Appellant for Possession with Intent to Deliver ("PWID").[3] As a result, on April 8, 2019, the court revoked Appellant's parole as well as his probationary term, which he not yet begun serving at the time of his November arrest, and resentenced him to 3 years' probation on each count, to run concurrently. Appellant did not appeal these VOP sentences and they became final.

Appellant was charged again for PWID on June 24, 2019. As a result, on October 22, 2019, the court revoked his probation and resentenced him to 1½-3 years' incarceration followed by 5 years' probation on each count, to run

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2706(a)(1), 2701(a), 2705, and 901(a).

[2] The Terroristic Threats offense was graded as a first-degree misdemeanor.

[3] 35 P.S. § 780-113(a)(30). The court eventually convicted Appellant of Possession of a Controlled Substance in violation of 35 P.S. § 780-113(a)(16).

concurrently. Appellant did not appeal these VOP sentences and they became final.

Appellant was released from state custody on January 29, 2022. On November 15, 2022, the court again revoked Appellant's probation after finding him in violation of several conditions: he left Philadelphia without permission, failed to report to his parole agent, had a positive drug test, and possessed controlled substances without a prescription. The same day, the court sentenced him to 1-2 years' incarceration on the Terroristic Threats conviction and a concurrent 2-4 years' incarceration followed by 2 years' probation on the Robbery conviction.

On November 28, 2022, Appellant filed a motion for reconsideration, which the court denied the next day. Appellant appealed these two VOP sentences, which are the only two sentences before us. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**B.**

Appellant raises three issues for our review:

1. Where Appellant was sentenced, on August 13, 2018 and October 22, 2019, for the charge of [T]erroristic [T]hreats, to split sentences of incarceration and consecutive probation which, in aggregate, exceeded the 5-year statutory maximum sentence for the charge of [T]erroristic [T]hreats, were not those prior sentences illegal, and is not Appellant's current sentence also illegal in that it derives from revocations of the prior illegal sentences?

2. Where Appellant served more than 3 years of incarceration for the charge of terroristic threats as a result of prior sentences, is not Appellant's current sentence of 1 to 2 years' incarceration for the charge of [T]erroristic [T]hreats illegal in that the current

- 3 -

sentence, in conjunction with the time the defendant has already served, exceeds the 5-year statutory maximum sentence for the charge of [T]erroristic [T]hreats?

3. Where the prior revocation sentences of concurrent terms of 3-years' probation imposed on April 8, 2019 for the charges of [T]erroristic [T]hreats and [R]obbery were imposed as a result of conduct occurring while Appellant was still serving the parole portion of the original sentences imposed on August 13, 2018 for those charges, were not the prior revocation sentences imposed on April 8, 2019 illegal in that they resulted from anticipatory revocation of probation, in violation of **Commonwealth v. Simmons**, 262 A.3d 512 (Pa. Super. 2021) (*en banc*), and is not Appellant's current sentence also illegal in that it derives from revocations of the prior illegal sentences?

Appellant's Br. at 4-5 (suggested answers omitted).

## C.

In his first issue, Appellant argues that his current VOP sentence for Terroristic Threats is illegal because it derives from two prior illegal sentences: his original August 13, 2018 sentence and his October 22, 2019 VOP sentence, both of which exceeded the five-year statutory maximum sentence for a first-degree misdemeanor. Appellant's Br. at 11-12. Both the trial court and Commonwealth agree and recommend vacating Appellant's Terroristic Threats sentence. Trial Ct. Op, 1/31/23, at 5; Commonwealth's Br. at 8-9.

Our standard of review for challenges to the legality of sentence is *de novo,* and our scope of review is plenary. **See Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa. Super. 2014). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (citations omitted).

Because Appellant pleaded guilty to Terroristic Threats as a first-degree misdemeanor, the statutory maximum term of incarceration is 5 years. 18 Pa.C.S. § 1104(1). A court may impose a split sentence, which includes a period of incarceration as well as a period of probation. *See Commonwealth v. Johnson*, 967 A.2d 1001, 1004 n.3 (Pa. Super. 2009). However, the total amount of time imposed in a split sentence cannot exceed the statutory maximum.[4] *See Commonwealth v. Crump*, 995 A.2d 1280, 1283-84 (Pa. Super. 2010). Most important to our analysis, "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b).

Our review of the VOP Sentence for Terroristic Threats is focused on whether the VOP court imposed a sentence that was available to the sentencing court when it imposed the original sentence. The statutory maximum sentence for a conviction for Terroristic Threats is five years. Since

---

[4] For example, "where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years follow by five years [of] probation." *Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa. Super. 2010).

the VOP sentence for Terroristic Threats exceeded five years, it is an illegal sentence. We, thus, vacate that sentence and remand for resentencing.[5, 6]

**D.**

Next, Appellant argues that, with respect to the sentencing for the Robbery conviction, the VOP court erred when it found on April 8, 2019, that Appellant had anticipatorily violated probation and sentenced him to three years' probation ("Earlier VOP Sentence"). Appellant concludes that the current VOP sentence ("Current VOP Sentence") is illegal because it is based on a violation that occurred while he was on probation from the Earlier VOP Sentence, which was an illegal sentence. In particular, Appellant argues that since the Supreme Court in **Commonwealth v. Rosario,** 294 A.3d 338 (Pa. 2023), found that the Sentencing Code does not authorize a VOP court to find that a defendant anticipatorily violated probation, the VOP court in this case imposed an illegal sentence because the Current VOP Sentence is based on an illegal Earlier VOP Sentence and the Current VOP sentence must be vacated.

_____

[5] In his second issue, Appellant maintains that his current VOP sentence for Terroristic Threats is also illegal because he has already served at least 3 years of incarceration, so the addition of his current sentence of 1-2 years' incarceration will cause his total sentence to exceed the statutory maximum. Appellant's Br. at 12. The trial court agrees that Appellant has served the maximum sentence and the Commonwealth calculated that he will have served the maximum sentence by the time he is paroled from his current sentence. Trial Ct. Op. at 5; Commonwealth's Br. at 10. Upon remand, prior to resentencing Appellant, the trial court should determine whether he has already served the statutory maximum sentence for Terroristic Threats.

[6] In light of our finding that the current sentence for Terroristic Threats is illegal, we decline to address any other challenges to it.

Appellant's Br. at 16 (citing **Milhomme**, 35 A.3d at 1222). In his reply brief, he argues that **Rosario** gave the Pennsylvania Supreme Court its "first opportunity to review the statutory provisions . . . to determine the legality of anticipatory revocation of probation." Appellant's Reply Br. at 6. Therefore, he maintains that the Supreme Court's interpretation should be treated as "relating back to [the enactment of the] original statute." **Id.** at 5 (citing **Kendrick v. Dist. Att'y of Philadelphia Cnty.**, 916 A.2d 529, 537 (Pa. 2007)).

*

We start by emphasizing the different procedural postures of this case and that of **Rosario.** The defendant in **Rosario** immediately appealed the VOP court's determination that the defendant had anticipatorily violated probation, arguing that that the VOP lacked the authority to find that he violated probation and, thus, the resulting sentence was illegal. In other words, the defendant challenged the VOP sentence before it became final.

In this case, Appellant did not appeal the Earlier VOP Sentence at the time the VOP court imposed it, but waited until the VOP court imposed the Current VOP Sentence. Thus, Appellant is challenging the Earlier VOP sentence after it was final and is, in essence, asking us to apply the holding of **Rosario** retroactively.

This Court in **Commonwealth v. Diaz**, --- A.3d ---, 2024 WL 1291936, at *2 (Pa. Super. filed Mar. 27, 2024), addressed this issue before us, *i.e.,* whether a defendant may challenge a VOP sentence that is based on

anticipatory violation of probation after the sentence has become final. In *Diaz*, the Court first noted that neither this Court in *Simmons* nor the Supreme Court in *Rosario* held that the VOP court may apply the holding regarding anticipatory revocation of probation retroactively:

> To begin, this Court did not expressly hold in *Simmons* that the prohibition on anticipatory revocations would apply to sentences imposed before that case was decided and our Supreme Court was likewise silent in that regard in *Rosario.*

*Id.* at *2. Similarly, the *Diaz* court noted that several other Superior Court panels, although in non-binding decisions, have refused to apply *Simmons* and *Rosario* retroactively. *Id*., citing *Commonwealth v. Frye*, 2023 WL 7549295 (Pa. Super. 2023) (non-precedential memorandum) (concluding that "[o]ur ruling in *Simmons* was not held to be retroactive[.]"); and *Commonwealth v. Wells*, 2023 WL 8058046 (Pa. Super. 2023) (non-precedential memorandum) (observing that "*Rosario* has not been held to apply retroactively.").

The *Diaz* Court also emphasized that the defendant did not timely challenge the prior VOP sentences and thus, they were final, so the only VOP sentence before the Court was Diaz's current VOP sentence:

> Additionally, the only judgment of sentence now before this Court on direct appeal is the one entered on June 23, 2022. **His prior sentences, including those imposed in 2009 and 2018, are of no moment because they long have been final. Appellant is therefore precluded from disturbing those prior sentences at the present juncture, when only his present sentence is before us.** *See Commonwealth v. Infante*, 63 A.

3d 358, 368 (Pa. Super. 2013)("Appellant's failure to dispute his original sentence in a timely manner does not foreclose a court, including this one, from correcting the subsequent sentence imposed following probation revocation, if that later sentence is illegal and we have jurisdiction to correct it.").

*Commonwealth v. Diaz*, *Id.* at *3 (emphasis added.)

The *Diaz* Court concluded that Section 9771(b) of the Sentencing Code only authorized this Court to review whether the new VOP sentence reflects "the sentencing alternatives available to the court … at the time of initial sentencing." *Id.*

Applying these principles to this case, we find that the VOP court properly sentenced Appellant. Appellant failed to challenge the Earlier VOP Sentence on the grounds that the VOP court lacked the authority to find that Appellant anticipatorily violated probation.[7] Since Appellant did not challenge that sentence when the VOP court imposed it, the sentence is final and we lack the authority to review it now.

---

[7] We note that the VOP court in this case found that the Earlier VOP Sentence was legal because it was based on a violation of probation, not parole. The VOP Court bases this conclusion on its determination that a probation violation occurs when the VOP court sentences the defendant for the violation. This is incorrect. The violation occurs when a defendant engages in the conduct that violates a term of his probation. 42 Pa.C.S. 9771(b); *Simmons*, 262 A.3d at 514-15, 527. We, however, still affirm the order of the trial court, just on a different basis. *Commonwealth v. Janda*, 14 A.3d 147, 161 n.8 (Pa. Super. 2011).

To the extent that we may review the Current VOP sentence, we may only do so pursuant to 42 Pa.C.S. 9771(b). Since the VOP court sentenced Appellant to the sentencing alternatives that were available when the sentencing court originally sentenced Appellant on his Robbery conviction, we find that the Current VOP Sentence is a legal sentence.

**E.**

In sum, we conclude that we must vacate Appellant's VOP sentence for Terroristic Threats as illegal because the VOP court, by imposing a sentence that exceeded the statutory maximum, imposed a sentence not available at the original sentencing. We, however, affirm the VOP sentence the VOP court imposed for his Robbery conviction because the VOP sentence complies with 42 Pa.C.S. 9771(b). Because these holdings may upset the sentencing scheme, we remand for resentencing on both VOP convictions.

Judgment of sentence affirmed in part and vacated in part; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024

- 10 -