J-S19043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE E. SASALA | : | |
| | : | |
| Appellant | : | No. 132 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 3, 2020
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001931-2017

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: July 19, 2021**

Maurice E. Sasala (Sasala) appeals from the judgment of sentence imposed by the Court of Common Pleas of Mercer County (trial court) after it revoked his probation because of a new conviction. His counsel has filed a brief under ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and applies for leave to withdraw. We grant counsel's request to withdraw and affirm the judgment of sentence.

**I.**

In April 2018, Sasala entered a guilty plea to one count of conspiracy to commit aggravated assault.[1] At sentencing on May 18, 2018, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 903(a)(1); 18 Pa.C.S. § 2702(a)(1).

imposed a split sentence of one year less a day to two years less a day of imprisonment, followed by two years of probation. As part of its sentence, the trial court gave him credit for the 201 days that he spent in pretrial incarceration since his arrest on October 30, 2017.

After sentencing, Sasala filed a *pro se* motion for early parole. On September 27, 2018, the trial court granted his petition and paroled him under the supervision of the Pennsylvania Board of Probation and Parole (Board).[2] Sasala absconded supervision not long after and, on December 31, 2018, the trial court issued a bench warrant for his arrest for violating supervision.

There were no developments for over a year until January 28, 2020, when Sasala was arrested on new charges. Sasala was unable to post bail on the new charges. That same day, the trial court vacated its bench warrant and ordered that he remain in jail until he disposed of his new charges. Sasala entered a plea to the new charges on August 10, 2020, pleading guilty to one count of corruption of minors, graded as a first-degree misdemeanor.[3] On October 1, 2020, he was sentenced to serve to 9 to 18 months' imprisonment with a consecutive 24 months' probation.

---

[2] "When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains the authority to grant and revoke parole[.]" **Commonwealth v. Hanson**, 856 A.2d 1254, 1258 (Pa. Super. 2004) (citation omitted).

[3] 18 Pa.C.S. § 6301(a)(1)(i).

With his new charges complete, Sasala appeared in front of the trial court for a *Gagnon II* hearing on October 29, 2020.[4] The trial court found that Sasala had completed the imprisonment portion of his original split sentence and was, therefore, in violation of the probation portion because of the new conviction. As a result, on December 3, 2020, the trial court resentenced him to two to four years' imprisonment followed by one year of probation. The trial court ordered that its sentence was consecutive to any other outstanding sentence, and that Sasala would receive 312 days credit for the time he had been detained since his arrest on January 27, 2020.

After the resentencing, Sasala filed a *pro se* post-sentence motion dated December 16, 2020, but not docketed until December 23, 2020. In his motion, Sasala requested an extension to file a post-sentence motion for modification and notice of appeal. On January 11, 2021, the trial court ordered that Sasala had 15 days to file any appropriate motion and inform the court whether he intended to proceed *pro se* or with counsel. Two weeks later, on January 25, 2021, Sasala filed a *pro se* pleading containing both a notice of appeal and a post-sentence motion for modification. A few days

---

[4] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Starr*, 234 A.3d 755, 762 (Pa. Super. 2020) (explaining when probationer is detained based on an alleged probation violation, due process requires a *Gagnon I* hearing to determine whether there is probable cause that probationer violated his probation, followed by a second more comprehensive *Gagnon II* hearing when the court determines whether to revoke probation).

later, the trial court entered an order (1) denying the motion to modify the sentence, (2) appointing the public defender to represent Sasala, and (3) directing counsel to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b).[5] Counsel complied with the order and filed a Rule 1925(b) statement raising four issues, but also stating counsel's intention to file an **Anders** brief on appeal because Sasala's appeal lacks merit. As noted above, counsel has applied to withdraw with an accompanying **Anders** brief.

## II.

Before addressing the merits of this appeal, we first address whether counsel's application to withdraw satisfies both procedural and substantive requirements. Procedurally, counsel must: (1) apply to the court for leave to

---

[5] Sasala's notice of appeal should have been filed on or before January 4, 2021, which would have been 30 days after his re-sentencing. **See** Pa.R.A.P. 903(a); Pa.R.Crim.P. 708(D) (an appellant has 30 days to appeal from a revocation of probation sentence, even if post-sentence motion is filed); Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.").

At resentencing, however, the trial court did not inform Sasala that the filing of a motion to modify sentence would not toll the 30-day appeal period. Instead, the trial court informed him about the procedure for filing a direct appeal of a judgment of sentence, stating that he would have the right to appeal from an order denying a post-sentence motion, if one was filed. **See** N.T., 12/3/20, at 19-20. Because the trial court's misstatement of the appeal period is a "breakdown in the court's operation," we decline to quash the appeal. **See Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003) (declining to quash facially untimely appeal because the sentencing court misstated the appeal period after imposing a revocation sentence).

- 4 -

withdraw, stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural mandates. Her application to withdraw reflects that she reviewed the entire record and concluded that the instant appeal is frivolous. Counsel has also notified Sasala that she was seeking permission to withdraw and provided him with copies of her application to withdraw and *Anders* brief. Counsel also advised him of his right to retain new counsel, proceed *pro se*, or raise any additional issues he deems worthy of this Court's attention. Counsel has satisfied the procedural requirements of *Anders*.

Next, we determine whether counsel's *Anders* brief complies with the substantive requirements of *Santiago*. There, our Supreme Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel's brief summarizes the factual and procedural history, identifies four potential issues, and outlines the legal reasons that led her to conclude that any appeal would be frivolous. Counsel has, therefore, satisfied the minimum requirements of *Anders/Santiago*.

Having found that counsel's application and brief comply with the technical *Anders* requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted). Counsel raises these four issues:

> I.   Whether [Sasala's] credit time was properly calculated and awarded at resentencing?
>
> II.   Whether [Sasala's] right of allocution was honored and were mitigating factors considered at the resentencing hearing?
>
> III.   Whether [Sasala's] probation term of his original sentence was properly revoked as a result of his new criminal conviction?
>
> IV.   Whether [Sasala's] resentence was excessive in length, not specifically tailored to the nature of the offense, the ends of society, or the rehabilitative needs of Appellant?

*Anders* Brief at 6.

## III.

## A.

Sasala's first issue challenges the trial court's award of credit for time served at his resentencing.[6]  Credit for time served is governed by Section 9760 of the Sentencing Code, which provides, in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

Counsel then cites *Commonwealth v. Mann*, 957 A.2d 746 (Pa. Super. 2008).  In *Mann*, this Court addressed how credit for time served is to be apportioned where a defendant is awaiting trial for new charges while simultaneously awaiting disposition of an alleged parole/probation violation associated with previous offenses:

> [A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer.  If the defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court.

---

[6] "A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." *Commonwealth v. Saunders*, 226 A.3d 1019, 1021 (Pa. Super. 2020) (citation omitted).  Issues relating to the legality of a sentence are questions of law. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016).  Our standard of review over such questions is de novo and the scope of review is plenary. *Id.*

*Id*. at 751 (internal citations omitted).

Here, under these circumstances, Sasala's new sentence was the trial court's December 3, 2020 sentence of two to four years' imprisonment for his probation violation. Because he had been incarcerated on the detainer for the violation since January 27, 2020, the trial court properly credited him 312 days against the sentence for his probation violation.[7]

**B.**

The next issue involves whether the trial court afforded Sasala his right to allocution and considered mitigating factors at the December 3, 2020 resentencing hearing. This claim is wholly frivolous. First, the trial court allowed Sasala to exercise his right to allocution at the resentencing hearing.[8] There, the trial court gave Sasala ample opportunity to describe what

_____

[7] In his post-sentence motion, Sasala also contended that the trial court erred in resentencing him for violating the probation as opposed to the parole portion. However, at the time that he committed the violation. he had already completed the 9 to 18 months' imprisonment portion of his sentence and was serving his 24 months' probation portion when he absconded. Applied here, the trial court properly determined that Sasala was in violation of the probation portion of his original split sentence. As a result, the trial court had the authority to resentence him as a probation violator, regardless of whether Sasala successfully completed the imprisonment portion of his original sentence. Accordingly, we find that the first issue is wholly meritless.

[8] "[T]o preserve a claim of error pertaining to the right of allocution, the defendant must raise the claim before the trial court at the time of sentencing or in a post-sentence motion, or suffer waiver of the claim on appeal." *Commonwealth v. Hardy*, 99 A.3d 577, 579 (Pa. Super. 2014) (citation omitted). Sasala preserved this claim by raising it in his post-sentence motion.

happened after he was paroled. Sasala described how he went to live with his aunt, but her house was abandoned when he arrived, forcing him to live in different places. *See* N.T., 12/3/20, at 8-9. Sasala requested that the trial court impose a county sentence and allow him to get out sooner because he had a good job lined up. *Id*. at 9-10. The trial court then updated the information in his pre-sentence investigation (PSI) report, asking him about, among other things, where he would live, his background, employment history and mental health and substance issues. *Id*. at 10-15. The transcript of the hearing shows that the trial court afforded Sasala his right to allocution and informed the court about everything that he wanted to be taken into consideration for his sentence.

The trial court also considered mitigating factors in imposing its sentence. Generally, "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not ... raise a substantial question." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Where the court had the benefit of a PSI report, we may presume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Here, the trial court had the benefit of a PSI report from the original sentencing which, as noted above, it updated on the record by asking Sasala several questions. N.T., 12/3/20, at 10-15. It is then presumed that the trial

court was aware of Sasala's personal circumstances and character when it determined its sentence. Moreover, in determining its sentence, the trial court stated that it considered the rehabilitative needs of Sasala. *Id*. at 17. For these reasons, we conclude that the issue does not raise a substantial question and, thus, is wholly frivolous.

## C.

The third issue addresses whether the trial court properly revoked Sasala's probation as a result of his new criminal conviction. Putting aside the issues discussed in the first issue, we agree with counsel that this issue lacks merit and need not give it extended discussion. "Conviction of a new crime is a sufficient basis for a court to revoke a sentence of probation." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) (citation omitted). Here, Sasala committed and was convicted of a new offense, corruption of minors, while he was serving his original sentence. Sasala acknowledged the conviction at both his *Gagnon II* and resentencing hearings. Thus, this issue is wholly frivolous.

## D.

Finally, in his final issue, Sasala alleges that the trial court imposed a manifestly excessive sentence for his probation violation. This issue challenges the discretionary aspects of Sasala's sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the

discretionary aspects of a sentence). "The right to appellate review of the **discretionary aspects** of a **sentence** is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). Moreover, "[t]o preserve an attack on the discretionary aspects of a sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Here, Sasala filed a notice of appeal and a post-sentence motion. However, in his post-sentence motion, he did not explicitly claim that his sentence was unreasonable or excessive. As a result, the trial court concluded that Sasala has waived this claim by failing to preserve it for appeal. ***See***

- 11 -

Trial Court Opinion (TCO), 3/18/21, at 8. After reviewing the post-sentence motion, we agree that Sasala has failed to preserve his discretionary sentencing claim. *See Malovich*, 903 A.2d at 1251.

Following our review of the issue raised by Sasala in counsel's *Anders* brief, we agree with counsel and conclude that this appeal is wholly frivolous. Additionally, after an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. As a result, we grant counsel's application to withdraw and affirm Sasala's judgment of sentence.

Application to withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2021