J-S01011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE LENELL PADEN | : | |
| | : | |
| Appellant | : | No. 733 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 25, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0000706-2020

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:     **FILED: MARCH 25, 2024**

Andre Lenell Paden appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas on April 25, 2022, following his guilty plea to burglary. Additionally, Paden's court-appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

In November 2019, a criminal complaint was filed charging Paden with burglary and related offenses. On March 21, 2022, Paden entered an open guilty plea to one count of burglary. The Commonwealth withdrew all other counts. Following an oral colloquy, the trial court accepted the guilty plea. Sentencing was deferred for preparation of a pre-sentence investigation report ("PSI").

_____

[*] Retired Senior Judge assigned to the Superior Court.

On April 25, 2022, the trial court sentenced Paden to fourteen to twenty-eight months' incarceration, to be served concurrent with any other sentence he was serving at the time.

Following reinstatement of his post-sentence and direct appeal rights, the trial court appointed appellate counsel. Paden thereafter filed a counseled post-sentence motion for reconsideration of sentence, which was denied. This timely appeal followed.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [Anders] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

An **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find counsel has complied with the preliminary requirements set forth in *Anders*. Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Paden's appeal is frivolous. Further, counsel attached to his petition a copy of his letter to Paden advising him of his rights. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Paden, and his assessment of why those issues are meritless, with citations to relevant legal authority. Counsel has thus complied with the requirements of *Anders*. Paden did not file a response. We may proceed to review the issues outlined in the *Anders* brief.

Counsel includes the following two issues in the *Anders* brief:

1. Whether the trial court abused its discretion or committed an error of law in failing to sentence [Paden] to a concurrent sentence, or give him proper credit for time served.

2. Whether the trial court abused its discretion or committed an error of law in failing to consider [Paden]'s drug and alcohol addiction and mental health issues as mitigating factors in sentencing [Paden].

- 3 -

***Anders*** Brief, at 1. Counsel presents both issues as challenges to the discretionary aspects of sentence.

Preliminarily, the characterization of Paden's time credit claim as a challenge to the discretionary aspects of the sentence is misplaced. A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. ***See Commonwealth v. Johnson***, 967 A.2d 1001, 1003 (Pa. Super. 2009). Issues relating to the legality of a sentence are questions of law. ***See Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is *de novo* and the scope of review is plenary. ***Id.***

"[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Commonwealth v. Clark***, 885 A.2d 1030, 1034 (Pa. Super. 2005) (citations and internal quotations omitted).

The computation of credit for time served is controlled by Section 9760 of the Sentencing Code which provides in pertinent part:

[T]he court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

\* \* \*

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1), (4). Relevantly, Section 9760(4) makes it clear that time credit on a sentence may be granted only when it has not already been credited toward another sentence. No section of the sentencing code, nor any of our case law, permits a defendant to receive credit against more than one sentence imposed for multiple convictions of separate and unrelated charges.

It was made clear at sentencing in the current matter that credit for the lengthy amount of time that Paden spent imprisoned prior to sentencing had already been credited to his sentence in an unrelated matter in Lackawanna County.

Paden asserts he did not receive proper credit because the Lackawanna court should have only applied credit towards his minimum sentence in that case, in order to split the time credit between the Lackawanna and Luzerne County cases. As Paden is accusing the Lackawanna County Court of Common Pleas of making a mistake, we agree with counsel that this issue should have been addressed in Lackawanna County, not Luzerne County.

Paden is not entitled to "double credit" – a duplicate award of credit for the time served under more than one docket. Paden is due no relief on this claim.

The remaining issue in the **Anders** brief presents a challenge to the discretionary aspects of Paden's sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Paden filed a timely *nunc pro tunc* appeal and a timely *nunc pro tunc* post-sentence motion for reconsideration of sentence. However, while Paden raised a sentencing issue in his post-sentence motion, we find it was insufficient to preserve this issue for our review. In his post-sentence motion, Paden only challenged the application of time credit. Paden did not raise any issues regarding the court's consideration of mitigating factors. Accordingly,

to the extent Paden attempts to challenge the court's consideration of mitigating factors, we find such an issue would be waived.

Further, even if Paden had preserved this issue for our review, the issue is not meritorious. Paden's sentence is not clearly unreasonable. The court sentenced Paden within the standard sentencing range. Moreover, the court explained its reasons for its sentence on the record, as follows:

> I've again reviewed the PSI and what's been offered here today. Obviously, I am concerned with Mr. Paden's prior record. Much of it includes prior burglary offenses, which is what he's before the [c]ourt on today. I'm not sure why but you seem to keep committing the same types of offenses and not learning from your past transgressions. Obviously, [Paden] needs to be held accountable given the serious nature of the offense and he does need to avail himself of programs. He has some underlying drug and alcohol and mental health issues that need to be addressed.

N.T., Sentencing, 4/25/22, at 12-13. Finally, the plea agreement specifically did not bind the trial court to any particular sentence. Therefore, it was in the trial court's discretion to determine the length of the sentence and whether to run the sentence concurrently or consecutively. Notably, the court chose to run the sentence concurrent to any other sentence Paden was serving.

In as much as Paden is claiming the court did not consider certain mitigating evidence, this is belied by the record. As quoted above, the court clearly discussed Paden's drug and alcohol addiction and mental health issues at sentencing. In addition, the trial court reviewed a PSI. Where the trial court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed

those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992).

The challenge to the discretionary aspects of Paden's sentence is meritless. Our independent review of the record reveals no other, non-frivolous issues that he could raise on appeal.

We affirm Paden's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/25/2024