J-S32013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MARSHALL | : | |
| | : | |
| Appellant | : | No. 393 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 20, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000868-2024

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:      **FILED: NOVEMBER 20, 2025**

Christopher Marshall appeals from the judgment of sentence, entered in the Court of Common Pleas of Lackawanna County, following his convictions of one count each of delivery of a controlled substance,[1] possession of a controlled substance,[2] possession of drug paraphernalia,[3] and possession of a small amount of marijuana.[4] Following our review, we affirm.

The trial court set forth the facts of this case as follows:

On March 13, 2024, Detective John Munley from the Lackawanna County District Attorney's Office arranged for a controlled

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 35 P.S. § 780-113(a)(30).

[2] *See id.* at § 780-113(a)(16).

[3] *See id.* at § 780-113(a)(32).

[4] *See id.* at § 780-113(a)(31).

purchase of crack cocaine utilizing a confidential informant [(CI)]. Detective Munley arranged for the [CI], to purchase cocaine from [Marshall's] co-defendant, Joshua Langston [(Langston)]. The investigation revealed Langston was operating as a middleman. Langston's supplier was identified as [Marshall].

On March 13, 2024, Detective Munley searched [the CI] and gave her $100.00 in pre-recorded U.S. currency. He installed a camera in her car. He instructed other officers to set up surveillance, while he followed [the CI]. [The CI] drove her car to Langston's home and picked him up. Together[,] they drove to a Convenient Market on Pittston Avenue in the [c]ity of Scranton[.] The other officers were parked near[] the Convenient Market in undercover vehicles. Once at the market, Langston got out of the car, met with [Marshall,] and then went inside the store. Langston returned to [the CI's] vehicle and turned over the cocaine. [Marshall] got into his car and exited the parking lot. Officer Petrucci of the Scranton Police Department and Detective Gianocopolous of the Lackawanna County [DA's] Office stopped [the] vehicle and arrested [Marshall].

Video surveillance from the Convenient Market was played for the jury. The video depicts a brief encounter between [Marshall] and Langston. They appear to exchange something in a hand-to-hand transaction. Both defendants testified [that] Langston passed $35.00 in U.S. currency to [Marshall] in the transaction. [Marshall] denied [that] any cocaine was transferred.

When [Marshall] was being arrested, the officers discovered the $100.00 in pre-recorded buy money on him, along with an additional $1[,]236.00 in U.S. currency. The [d]etectives also found a small amount of marijuana on [Marshall's] person and a box of plastic baggies in his car.

[At trial, Marshall] testified in his own defense. He stated [that] Langston gave him $35.00 when they met at the Convenient [Market]. [Marshall] said [that] he did not give Langston anything in exchange. He denied having the $100.00 in pre-recorded money on him.

Trial Court Opinion, 8/9/25, at 2-3 (citations to the record omitted).

On November 22, 2024, Marshall was convicted by a jury of the above-

mentioned offenses. Marshall was represented throughout trial and at

sentencing by private counsel, Joseph S. Toczydlowski, Esquire. The trial court ordered a presentence investigation report to be completed prior to sentencing.

On February 20, 2025, the trial court held a sentencing hearing. At sentencing, Attorney Toczydlowski explained that his attorney-client fee agreement with Marshall only contemplated representation through sentencing proceedings. *See* N.T. Sentencing Hearing, 2/20/25, at 14. To ensure he was not obligated to represent Marshall in any appellate proceedings, Attorney Toczydlowski verbally requested the court's permission to withdraw as counsel, which the court granted. *Id.* However, Attorney Toczydlowski expressed that he was open to discussing further representation with Marshall. *Id.* at 14-15. The trial court advised Marshall of his post-sentence rights and that, following the sentencing hearing, Attorney Toczydlowski was no longer his attorney. *Id.* at 14. Marshall requested the court appoint him an attorney for his appeal. *Id.* at 15-17. Ultimately, the trial court sentenced Marshall to an aggregate sentence of fifteen to thirty months' incarceration followed by thirteen months of probation.

On February 26, 2025, the court granted Marshall's oral motion and appointed Attorney Toczydlowski as appellate counsel for Marshall. Attorney Toczydlowski failed to file a post-sentence motion within 10 days of the

J-S32013-25

imposition of sentence.[5] **See** Pa.R.Crim.P. 720(A). On March 20, 2025, Attorney Toczydlowski filed an untimely post-sentence motion for reconsideration of sentence and requested permission to file it *nunc pro tunc*. The court denied the motion on the same day, but did not expressly rule on the request to file the post-sentence motion *nunc pro tunc*. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) (en banc) (untimely post-sentence motion does not toll appeal period unless filed within 30 days of sentence, motion specifically requests permission to file *nunc pro tunc*, **and** trial court expressly grants permission to file motion *nunc pro tunc*).

On March 21, 2025, Marshall filed a timely notice of appeal.[6] Both Marshall and the trial court complied with Pa.R.A.P. 1925. On appeal, Marshall

---

[5] Despite being represented by counsel, Marshall filed an untimely *pro se* post-sentence motion for reconsideration of sentence. Because Marshall was represented by counsel at the time he filed his *pro se* motion, the filing was a legal nullity. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (no constitutional right to hybrid representation either at trial or on appeal).

[6] We observe that Attorney Toczydlowski's untimely post-sentence motion, in the absence of express permission to file the motion *nunc pro tunc*, did not toll the 30-day appeal period. **See** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also** Pa.R.Crim.P. 708(E), Cmt. ("[a]ny appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentences"); **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244-45 (Pa. Super. 2015) (untimely post-sentence motion does not toll 30-day appeal period where trial court did not expressly grant *nunc pro tunc* filing). Nevertheless, we note that March 21, 2025, is within 30 days of Marshall's February 20, 2025 judgment of sentence and, thus, the appeal is still timely filed. **See** Pa.R.A.P. 903(a).

- 4 -

challenges the sufficiency and weight of the evidence and asserts that his sentence was unreasonable. *See* Appellant's Brief, at 5.

Marshall challenges the sufficiency of the evidence for each of his convictions. *See* Appellant's Brief, at 9-10. We find this claim waived. In his brief, Marshall fails to cite to the relevant sections of the Crimes Code for his convictions or to the record. Further, Marshall does not discuss the statutory elements of his convictions, if any, the Commonwealth failed to prove. *See Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa. Super. 2008) (when appellant fails to properly develop issue or cite to legal authority to support contention in appellate brief, issue is waived); *see also* Pa.R.A.P. 2119 (requires argument be supported with pertinent analysis, including citation to and discussion of relevant authority and facts of record). In fact, Marshall's brief provides only boilerplate language of the appellate standard of review for a challenge to sufficiency of evidence and sets forth a one-paragraph argument that is devoid of any discussion of relevant case law. *See* Appellant's Brief, at 9-10. Consequently, Marshall has waived his sufficiency challenges. *See Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017) (appellant's failure to properly develop claim renders issue waived).

In his second issue on appeal, Marshall contends that the jury's verdict was against the weight of the evidence. *See* Appellant's Brief, at 10-11. This claim is waived because Marshall failed to raise it either orally prior to sentencing or in a timely filed post-sentence motion. *See Commonwealth*

- 5 -

*v. Bryant*, 57 A.3d 191, 196-97 (Pa. Super. 2012) (appellant's weight claim waived for failure to raise it in trial court prior to sentencing or file post-sentence motion challenging weight of evidence); *see also* Pa.R.Crim.P. 607(A) (weight claim must be raised before trial court); Pa.R.A.P. 302 ("Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal."). Instantly, our review of the record reveals that Marshall failed to preserve a challenge to the weight of the evidence either orally or in a timely filed post-sentence motion. Accordingly, since Marshall failed to comply with Rule 607(A), we conclude that he has waived his second issue on appeal. *See* Pa.R.A.P. 302; *Bryant*, *supra*.

In his final issue on appeal, Marshall raises several challenges regarding both the legality of his sentence and the discretionary aspects of his sentence, which we address separately.

First, Marshall argues that the sentence imposed was unduly harsh and excessive and, therefore, an abuse of the sentencing court's discretion. *See* Appellant's Brief, 12-13. Marshall's claim challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). "The right to appellate review of the discretionary aspects of a sentence is not absolute[] and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction

when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Instantly, Marshall filed a timely notice of appeal. However, as noted above, Marshall failed to file a timely post-sentence motion. An untimely post-sentence motion does not preserve any issues for appellate review. *See Commonwealth v. Wrecks*, 931 A.2d 717, 719 (Pa. Super. 2007); *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008) ("To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them . . . in a timely post-sentence motion."). Accordingly, we find Marshall's challenge to the discretionary aspects of his sentence waived.[7] *See Commonwealth v. Bauza*, 332 A.3d 1245, *6-*8

---

[7] Even if Marshall had preserved his discretionary sentencing claim, his claim is waived for failing to include a Pa.R.A.P. 2119(f) statement in his brief. *See* Pa.R.A.P. 2119(f) (appellant who challenge discretionary aspects of sentence shall set forth in his brief concise statement of reasons relied upon for allowance of appeal of discretionary aspects of sentence); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987) (inclusion of Rule 2119(f) statement is procedural requirement). When an appellant omits a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the
*(Footnote Continued Next Page)*

(Pa. Super. 2024) (Table) (appellant's discretionary sentence claim waived for failure to preserve issue in timely post-sentence motion).[8]

Marshall also argues that the trial court erred by failing to credit him for time spent on home confinement prior to sentencing, as required by 42 Pa.C.S.A. § 9760. After the jury's verdict and prior to sentencing, Marshall was permitted to remain on house arrest pending sentencing.[9] **See** N.T. Jury Trial, 11/22/24, at 110-11. He remained on house arrest until sentencing on February 20, 2025.

A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. **See Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009). "[A] challenge to the

---

sentence imposed was not appropriate or enforce the requirements of Pa.R.A.P. 2119(f). **Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004) (citations omitted). "However, this option is lost if the appellee objects to a [Rule] 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied." **Id.**

Here, Marshall failed to include a Rule 2119(f) statement in his brief, and the Commonwealth objected to its omission. **See** Appellant's Brief at 11-13; **see also** Commonwealth's Brief at 13-16. Thus, we would, nonetheless, be precluded from reviewing Marshall's discretionary sentencing claim had it been preserved for our review.

[8] **See** Pa.R.A.P. 126(a)-(b) (unpublished, non-precedential decisions of this Court filed after May 1, 2019, may be cited for persuasive value).

[9] On November 22, 2024, immediately following his jury trial, Marshall's bail was revoked, and he was sent to Lackawanna County Prison until November 24, 2024, when he was released and placed on house arrest until sentencing. **See** N.T. Jury Trial, 11/22/24, at 111-12 (trial court unable to place Marshall on house arrest immediately following trial due to court's end of day closing); **see also** Order, 11/22/24. The trial court credited him for time served. **See** Sentencing Hearing, 2/20/25, at 12.

legality of the sentence is non-waivable and the court can even raise and address it sua sponte." *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013). Issues relating to the legality of a sentence are questions of law. *See Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is de novo and the scope of review is plenary. *Id.*

A sentencing court is required to give a defendant credit for time served in custody. *See* 42 Pa.C.S.A. § 9760. Specifically, pursuant to 42 Pa.C.S.A. § 9760(1), credit for time served is awarded as follows:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). Neither section 9760 nor any other provision of the Sentencing Code defines the phrase "time spent in custody." *Commonwealth v. Kyle*, 874 A.2d 12, 17 (Pa. 2005). Regarding the interpretation of "custody" in section 9760, our Supreme Court held that:

> It is clear that, for over a decade, Pennsylvania appellate courts have determined, as a matter of statutory construction, that **criminal defendants are not entitled to credit against a sentence of imprisonment for time spent subject to home monitoring programs.** *See* [*Commonwealth v.*] *Kriston*, [] 588 A.2d 898 [(Pa. 1991)]. Courts have interpreted the word "custody," as used in [s]ection 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility. *See, e.g.*, [*Commonwealth v.*] *Conahan*, [] 589 A.2d 1107 [(Pa. 1991]. . . . This Court has emphasized that,

because home release on electronic monitoring does not constitute custody, credit should not be awarded for it toward a prison sentence.

*Kyle*, 874 A.2d at 18 (emphasis added).

Our Supreme Court has determined that release to one's home on bail subject to confinement monitoring, as is the case here for Marshall, does not reach the level of restriction of "custody" for purposes of credit under section 9760. **See id.** Therefore, the trial court was not required to credit Marshall with time served while under house arrest. **See** Trial Court Opinion, 8/9/25, at 6-7. Based on the foregoing, there is no merit to Marshall's final claim. **See Kyle**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/20/2025</u>

- 10 -