J-S44039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERREL JABBAR J. PICKARD | : | |
| | : | |
| Appellant | : | No. 2206 EDA 2024 |

Appeal from the PCRA Order Entered August 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004266-2017

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　　　　**FILED MARCH 18, 2026**

Terrel Jabbar J. Pickard ("Pickard") appeals from the dismissal of his petition filed under the Post Conviction Relief Act ("PCRA").[1]  Because Pickard's ineffectiveness claims against his direct appeal counsel ("appellate counsel")— for declining to litigate on appeal the discretionary aspects of his sentence and an assertedly erroneous evidentiary trial ruling—are meritless, and, accordingly, the PCRA court properly dismissed Pickard's petition, we affirm.

A detailed recitation of the underlying factual history is not necessary for this appeal.  We briefly note that a jury convicted Pickard of involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, indecent assault, unlawful contact with a minor, and corruption of minors, following his sexual abuse of his girlfriend's daughter, S.V. ("the victim"), starting when

---

[1] **See** 42 Pa.C.S.A. §§ 9541–9546.

the victim was five years old. *See* PCRA Court Opinion, 5/8/25, at 1-2. Pickard abused the victim until she was twelve years old. *See* N.T., 1/15/19, at 99. At no point did the victim waver in identifying Pickard as the man who abused her. *See* PCRA Court Opinion, 5/8/25, at 6.

Following his jury conviction, the trial court sentenced Pickard to an aggregate term of twenty to forty years in prison, with credit for time served.[2] Pickard was also required to register as a Tier III sex offender. *See* Order, 4/1/19, at 1. Pickard filed two post-sentence motions. In the first, he challenged the weight and sufficiency of the evidence. *See* Post[-]Sentence Motion, 4/2/19. In the second motion, he challenged the discretionary aspects of his sentence and further asserted the sentences for IDSI and unlawful contact with a minor should have merged because they arise "from the same fact pattern." *See* Motion for Reconsideration, 4/2/19, at ¶¶ 3-8. The trial court denied the motions.

Pickard appealed and challenged the weight and sufficiency of the evidence of his convictions and also raised an assertion of error relating to the trial court's ruling permitting the Commonwealth to cross-examine him at trial about a prior criminal conviction. *See Commonwealth v. Pickard*, No. 1203 EDA 2019, 2021 WL 777774 at *4 (non-precedential memorandum) (Pa.

---

[2] The sentence consisted of ten to twenty years for IDSI with a child and ten to twenty years for unlawful contact with a minor, to be served consecutively. *See* N.T., 4/1/19, at 32. The trial court imposed no further penalty on the remaining convictions. *See id*.

Super. 2021). This Court affirmed in March 2021. *See generally id*. Following the grant of PCRA relief in August 2022, in which the PCRA court reinstated Pickard's right to petition our Supreme Court for an allowance of appeal, *see* Order, 9/30/22, our Supreme Court denied review on February 13, 2023. *See Commonwealth v. Pickard*, 292 A.3d 554 (Pa. 2023).

Pickard filed a timely *pro se* PCRA petition in August 2023.[3] The PCRA court appointed counsel, who filed an amended petition in March 2024, containing claims of ineffectiveness against trial and appellate counsel. *See* Amended PCRA Petition, 3/7/24, at 1. Specifically, Pickard alleged appellate counsel was ineffective for failing to raise on appeal the denial of his motion for reconsideration of his sentence and for failing to litigate on appeal the issue of the "suppression of evidence regarding Dean Norris[, Sr. ("Norris")]." *See id*. at 10, 12.[4]

_____

[3] *See Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013) (explaining "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.").

[4] The trial court sustained the Commonwealth's objection to Pickard cross-examining the victim's mother about Norris, the father of victim's aunt and uncle. *See* N.T., 1/16/19, at 143-44. Pickard argued the evidence would have established there was "an alternative suspect who had access to [the victim] because he stayed over [at] the house where she lived." Amended PCRA Petition, 3/7/24, at 12-13.

In his amended petition, Pickard asserted ineffectiveness against trial counsel for failing to develop Norris as an alternative witness/suspect. *See id*. at 13. Pickard also argued trial counsel was ineffective for failing to call the victim's
*(Footnote Continued Next Page)*

The PCRA court filed a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907 in July 2024.[5] The PCRA court dismissed the petition on August 9, 2024. The PCRA court granted PCRA counsel's motion to withdraw, notwithstanding that no motion appears in the record, and—following an October 2024 order by this Court to determine whether Pickard wished to proceed *pro se* or with appointed counsel, pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998)—the PCRA court reappointed PCRA counsel to represent Pickard, who then filed a Rule 1925(b) statement in April 2025.

Pickard raises the following issues for our review:

1. [Whether t]he PCRA court was in error when it dismissed the PCRA [petition] despite a showing that appellate counsel was ineffective in failing to appeal the denial of Appellant's motion for reconsideration of sentence[?]

2. [Whether t]he PCRA court was in error when it dismissed the PCRA [petition] despite a showing that appellate counsel was ineffective in failing to argue the suppression of evidence regarding [an alternative suspect?]

Pickard's Brief at 6.

_____

aunt and her two younger sisters, who were around during times when Pickard assaulted her. **See id**. at 16.

[5] Presumably in response, Pickard prematurely appealed: he filed a *pro se* notice of appeal on August 5, 2024. The PCRA court did not deny the petition until August 9, 2024. Pursuant to Pa.R.A.P. 905(a)(5), a notice of appeal filed after announcement of determination but before entry is treated as filed after the entry on the day of. **See** Pa.R.A.P. 905(a)(5). Thus, Pickard's appeal properly lies from the August 9, 2024 order. **See Commonwealth v. McGarry**, 172 A.3d 60, 65 (Pa. Super. 2017) (a premature notice of appeal in a PCRA context is perfected upon dismissal of the petition).

Our standard of review for a PCRA court's order dismissing a petition without an evidentiary hearing is as follows:

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (internal citations and quotation marks omitted). Additionally,

> [t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Pickard's issues both involve assertions of ineffective assistance of counsel.

With respect to claims of ineffective assistance of counsel:

> [C]ounsel is presumed to have been effective and [ ] the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and

(3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citations omitted).

We need not analyze the three-prong ineffectiveness test in any particular order; if the petitioner fails to satisfy any one of the prongs, it is fatal to his claim. ***See Commonwealth v. Evans***, 303 A.3d 175, 182 (Pa. Super. 2023) (internal citation omitted); ***Commonwealth v. Johnson***, 289 A.3d 959, 979-80 (Pa. 2023) (stating the failure to satisfy any of the three prongs supports the denial of the claim without further discussion). Lastly, counsel cannot be deemed ineffective for failing to raise a meritless claim. ***See Commonwealth v. Kapellusch***, 323 A.3d 837, 847 (Pa. Super. 2024) (internal citation omitted).

In his first issue, Pickard argues the PCRA court erred in dismissing the PCRA petition because appellate counsel was ineffective for failing to challenge the denial of his motion for reconsideration of sentence. ***See*** Pickard's Brief at 12-15. Specifically, Pickard asserts appellate counsel was ineffective for failing to litigate the discretionary aspects of his sentence, namely, whether the trial court abused its discretion by imposing an excessive sentence without adequately considering Pickard's mitigating factors (including strong family ties and an asserted history of being physically abused), and imposed a *de*

*facto* life sentence by sentencing him to twenty to forty years given he was a fifty-year-old man. **See id**. at 14-15.[6]

The PCRA court considered Pickard's argument and concluded it merited no relief. The court explained:

> The abuse of sentencing discretion that [Pickard] claims counsel should have argued on appeal was [the c]ourt's alleged failure to consider mitigating factors such as [Pickard's] "tremendous family support" and other findings made during the presentence investigation . . . . The record, however, reflects [the c]ourt's thorough consideration of all sentencing factors, including the presentence investigation, the mental health evaluation, and testimony from individuals who appeared on [Pickard's] behalf.

PCRA Court Opinion, 5/8/25, at 4-5.

Our careful review confirms the PCRA court's reasoning is supported by the record and the law. The record shows that appellate counsel, had he pursued this claim, would have been unsuccessful, and as such, Pickard cannot show prejudice. As set forth at the sentencing hearing, Pickard had a prior record score of five, and IDSI and unlawful contact with a minor, both first-degree felonies with offense gravity scores of fourteen, carried standard-range sentences of 192 months to the statutory limit, *i.e.*, forty years for IDSI and twenty years for unlawful contact with a minor. **See** 204 Pa. Code

_____

[6] Pickard's underlying substantive claim implicates the discretionary aspects of sentencing. When the trial court has a pre-sentence investigation report ("PSI"), we presume it was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. **See Commonwealth v. Conte**, 198 A.3d 1169, 1177 (Pa. Super. 2018).

§ 303.16(a); N.T., 4/1/19, at 6 (setting forth the standard range).[7]  Thus, Pickard's sentences fell within the standard ranges.  Additionally, we note that the trial court considered the PSI as well as Pickard's mitigating information, including his GED and other work history, positive family relationships, and mental health history, including PTSD, poly-substance abuse, bipolar disorder, anxiety, and depression.  *See id*. at 27-29.  The court also considered Pickard's prior convictions for third-degree murder and assault and his various prison infractions, as well as the six instances of abuse the victim testified to, "including the most humiliating circumstances and situations that this jury had to listen to."  *Id*. at 30-31.  As such, there is no support in the record for Pickard's claim that appellate counsel was ineffective for failing to challenge the discretionary aspects of his sentence, as the court did not abuse its discretion when it considered relevant sentencing factors but weighed them in a manner inconsistent with Pickard's wishes.  *See Conte*, 198 A.3d at 1177 (explaining combination of PSI and standard range sentence is presumptively reasonable); *Commonwealth v. Proctor*, 156 A.3d 261, 274 (Pa. Super. 2017); *see also Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super.

---

[7] *See* 18 Pa.C.S.A. § 3123 (d)(1) (setting the statutory maximum at forty years for an IDSI conviction); 18 Pa.C.S.A. § 6318(b)(1) (providing that an unlawful contact with a minor conviction is graded the same as the most serious underlying offense for which the defendant contacted the minor); *Commonwealth v. Aikens*, 139 A.3d 244, 248 n.4 (Pa. Super. 2016) (noting that if the underlying offense is IDSI with a minor, the maximum is increased from seven to twenty years of imprisonment).

2023) (explaining "all the Sentencing Code requires is that the court consider all of the relevant factors when imposing the sentence."). Additionally, and crucially, we reject Pickard's *de facto* life sentence argument. This Court has held, in relevant part, that "[j]ust as Appellant is not entitled to a volume discount for multiple crimes by having an aggregate sentence run concurrently, he is likewise not entitled to a seasonal discount because he committed his crimes in the winter of his life." ***Commonwealth v. Lawrence***, 313 A.3d 265, 287 n.6 (Pa. Super. 2024), *appeal denied*, 327 A.3d 616 (Pa. 2024) (internal citation and quotations omitted). Because appellate counsel cannot be found ineffective for failing to raise a meritless claim, Pickard fails to establish prejudice. ***See Kapellusch***, 323 A.3d at 847; ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) (stating "if the PCRA court can determine from the record that the sentence was not excessive . . . then there is no underlying merit to the ineffectiveness claim and the claim must fail."). Thus, Pickard's first issue is meritless.

In his second issue, Pickard argues the PCRA court erred in dismissing the petition because appellate counsel was ineffective for failing to challenge the trial court's decision to preclude evidence concerning an alternate suspect. ***See*** Pickard's Brief at 16-20.[8]

_____

[8] Pickard's second argument appears to incorporate his claim that trial counsel was ineffective for failing to investigate, prepare, and present an alternate suspect claim with his claim that appellate counsel should have questioned
*(Footnote Continued Next Page)*

Admissibility rulings are subject to a review for an abuse of discretion. *See Commonwealth v. Nabried*, 327 A.3d 315, 321 (Pa. Super. 2024). A trial court only abuses its discretion if it misapplies the law or "its exercise of judgment is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." *See id*.

Regarding third person guilt evidence, our Supreme Court has explained:

> the relevant inquiries into admissibility are: Does the third person guilt evidence have a tendency to make the existence of any fact that is of consequence to the determination of the issue, *e.g.*, the defendant's culpability, more probable or less probable than it would be without the evidence.

*Commonwealth v. Yale*, 249 A.3d 1001, 1022 (Pa. 2021) (citing Pa.R.E. 401). Further,

> the question is whether the evidence supports an inference that the defendant did not commit the crime and someone else did. The more detailed the similarity, the more likely a finding of relevance. But a lesser level of detail combined with other circumstances attendant to the crime charged and the third person's relationship to it are also pertinent considerations. So too are the temporal factors relative to the third person's bad acts and the crime charged. Trial courts regularly exercise discretion in determining the relevancy of evidence.

*Id*. at 1024.

---

the trial court's evidentiary ruling in the direct appeal. Pickard waived his trial counsel ineffectiveness claim by not including it in his 1925(b) statement or identifying it as a question involved on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii), (vii), 2116(a).

As noted above, Pickard faults appellate counsel for declining to appeal the issue of the trial court's exclusion of evidence of an alternative suspect. Pickard argues that Norris, who had a prior conviction for aggravated assault and endangering the welfare of a child, had access to the victim because he stayed at the house where she lived; accordingly, appellate counsel "should have raised this issue in his appeal and argued that the trial court had no basis to prohibit the introduction of this evidence." *Id*. at 18.

The PCRA court considered Pickard's argument and determined he is due no relief because the purported evidence was irrelevant. The court explained:

> The trial record lent no support whatsoever to presenting evidence of an alternative suspect. [Pickard] disregards that the perpetrator's identity was not at issue in this case. The victim did not waver in identifying [Pickard] as the man who abused her. No accusations were made against [Norris.] The information sought by the line of questioning was irrelevant and inadmissible.

PCRA Court Opinion, 5/8/25, at 6.

After our careful review, we find the PCRA court's reasoning is supported by the record and the law. We agree that any alleged evidence about the alternative suspect lacked relevance given that identity was not at issue in the trial. *See*, *e.g.*, *Commonwealth v. Heyward*, No. 1887 EDA 2019, 2020 WL 6503032 (non-precedential memorandum at *8) (Pa. Super. Nov. 5, 2020) (agreeing with PCRA court that ineffectiveness claim was meritless as to alternative suspect when the statement asserting such was "speculative,

irrelevant, and inadmissible.").[9]  Further, just because someone else may have had access to the victim does not negate Pickard's guilt.  **See Commonwealth v. McDaniel**, No. 275 MDA 2024, No. 276 MDA 2024, 2024 WL 5256287 (non-precedential memorandum at *4) (Pa. Super. Dec. 31, 2024) (agreeing with trial court that testimony regarding allegations against someone else did not make it more or less likely that the appellant committed the crimes); **see also Commonwealth v. Durst**, 559 A.2d 504, 506 (Pa. 1989) (holding just because someone other than the appellant may have also had sexual contact with the victim does not exonerate them).  Thus, the PCRA court correctly determined appellate counsel was not ineffective for failing to appeal this meritless issue.  Accordingly, we affirm the order dismissing Pickard's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/18/2026

---

[9] **See** Pa.R.A.P. 126(b) (non-precedential memoranda filed by this Court after May 1, 2019, are citable for persuasive value).